RECEIVED
1/2/2024
KELLY L. STEPHENS, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

Case Number: 23-3808

Case Name: Jose DeCastro v. Pam Wagner, et al

Name: Jose DeCastro

Address: 1258 Franklin St.

City: Santa Monica    State: CA    Zip Code: 90404

**PRO SE APPELLANT'S BRIEF**

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

**United States Court of Appeals For The Sixth Circuit**
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio  45202-3988

1. Did the District Court incorrectly decide the facts?    ☑ Yes    ☐ No

   If so, what facts?

   1. The court finds that "a city employee announced that the building was closing and would be locked". As to intent, I did not know it at the time if this was an employee and the video which was also submitted establishes this. The amended complaint is based off of limited discovery where the city had alleged it was an employee. (continued on attachment 1)

2. Do you think the District Court applied the wrong law?    ☑ Yes    ☐ No

   If so, what law do you want applied?

   1. Plaintiff should have been allowed leave to amend. Brown v. Matauszak, 415 F. App'x 608, 614 (6th Cir. 2011); PR Diamonds, Inc., v. Chandler, 364 F.3d 671, 698 (6th Cir. 2004);Tolliver v. Noble, 752 F.App'x 254, 264-265 (6th Cir.2018).
   2. The court should consider plaintiff documents filed after the pro se complaint as submitting other factual allegations. Flournoy v. Seiter, 835 F.2d 878 (6th Cir.1987).
   3. The court continued to enforce state administrative procedures in plaintiff's claims against the individuals for the harm to his phone. Apply the proper individual liability.
   4. Where error, surprise, and new evidence that could not reasonably be discovered prior is available, Fed. R. Civ. P. Rules 59 and 60 should apply.(continued on attachment 2)

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?
   ☑ Yes ☐ No
   If so, what are they?

   > Judge Barrett has shown an appearance of bias due to plaintiff blasting the judge on YouTube and apparently knows Judge Waldo, a witness.

4. What specific issues do you wish to raise on appeal?

   > 1. When a pro se plaintiff makes a civil rights claim pleading facts including referencing a video showing the incident, can the plaintiff be denied the ability to amend any defects in its claim pleadings?
   > 2. Can a court make a judgment on the pleadings when there are material issues of fact?
   > 3. Can a court make a judgment in favor of a defendant on the pleadings when the moving party never even alleges a lack of genuine issue of material fact?
   > 4. Can a court make a determination of probable cause without knowing which circumstances the officers were reasonably aware of at the time?
   > 5. Can a court dismiss a claim on the pleadings with probable cause being a defense of liability not a defense from suit?
   > 6. Even if there is probable cause, doesn't or couldn't plaintiff allege facts sufficient to show that the police don't typically enforce that statute, even at the same incident?
   > 7. Even if there is probable cause, doesn't or couldn't plaintiff allege facts sufficient to show that the statute is being enforced to chill plaintiff's protected rights?
   > (continued on attachment 4).

5. What action do you want the Court of Appeals to take in this case?

   > 1. Reverse the district court's granting of the defendants' motions to dismiss (Doc 21) and for judgment on the pleadings (Doc 23) and remand the case back to the district court.
   > 2. Reverse the district court's denial of plaintiff's second amended complaint and grant it.
   > 3. Recuse Judge Barrett for obvious and apparent bias.

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the <u>2nd</u> day of <u>               January </u>, 20<u>24</u>.

                                              Signature (Notary not required)

**Attachment 1**

**Did the District Court incorrectly decide the facts? Yes**

**If so, what facts? (continued from form):**

1. (continued) The allegation that it was a city employee is a conclusory statement. It may later be proven to be an employee as to the fact that the person might have had the authority to withdraw privilege. As to whether this signified plaintiff intent to trespass when plaintiff thought it was a fellow protestor passing on information is a question of fact to which a reasonable juror could find for the plaintiff. As to whether the words the alleged employee used was a withdrawal of privilege and when that withdrawal applied is a question of fact to which a reasonable juror could find for the plaintiff. If it's even relevant because a person is not trespassing unless the building is no longer open to the public, regardless of what a tenant says, and the plaintiff has alleged that the building was still open to the public with an unlocked front door.

2. The court finds that "After the building had closed but before Decastro was able to leave". The complaint merely alleges the time on the walk clock, not that the building was closed. The plaintiff further alleges that the building was not closed to the public and that the door was not locked. Further, it is clear that the defendants, who had worked in the building for years, were aware of the wall clock in the city hall being significantly fast, and through their filings committed fraud on the district court by intentionally hiding this truth. The fact is that it wasn't even 5:00 o'clock yet and even if it was, a person is not trespassing unless the building is no longer open to the public, regardless of posted business hours, and the plaintiff has alleged that the building was still open to the public with an unlocked front door.

3. The court found that plaintiff amended his complaint to remove the county defendants. This is contrary to the first amended complaint which included the same facts, and named the individual county defendants in the pleading.

4. The court found that the plaintiff "repeatedly failed to address the County Defendants' assertion that their omission from the amended complaint functions as a voluntary dismissal of the claims against them." This is false and not supported by the pleadings. Plaintiff only made one response and it was an opposition. Further, the individual county defendants are named in the first amended complaint.

5. The court found that *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) applies upon "reasonable conclusions 'drawn from the facts known to the arresting officer at the time of the arrest,'" but makes no findings of fact nor could it as to what the

1

officer knew at the time of the arrest.

6. The court found that "Decastro does not show that he was entitled to be in the building after it had closed". That's partly because plaintiff never alleged in his pleadings or in the video evidence, that the building was closed. The court mistakenly interprets the facts that the building was closed when it clearly wasn't.

7. The court found that the defendants had probable cause because the plaintiff did not "allege, beyond a single conclusory statement, that the City Defendants lacked probable cause to arrest him." This is not true. Although the plaintiff may have used the words probable cause in a conclusory fashion, it was in summarizing the facts alleged throughout the complaint that the defendants arrested plaintiff in retaliation for exercising his first amendment rights in a traditional public forum while it was open to the public. Further, the plaintiff did not allege any facts that would give defendants probable cause. Further, plaintiff argued against there being probable cause in its opposition to defendant's motion for premature dismissal due to a defense of probable cause. Although a plaintiff in this circuit may have the burden of proving that probable cause did not exist, probable cause is a defense which hadn't yet been raised in an answer. Finally, plaintiff raised facts and law to defend in its opposition at Doc # 32 ¶ 20.

8. The court found that plaintiff was "by his own admission, in violation of Ohio's criminal trespassing statute when he chose to remain in the building after it closed without the privilege to do so. See Ohio Rev. Code. § 2911.21(A)(1)-(5)." Plaintiff never admitted that the building was closed, that his privilege had been revoked, or that the statute even existed. Instead, the court *sua sponte* applied its fantastical reading of the facts to apply to a state code never mentioned in the pleadings. Even if plaintiff had admitted to trespass, which he did not, he is not a judge and the facts make it clear that he was not trespassing. Further, even if there was probable cause, the statute is being applied in an unconstitutional manner, and was being enforced in retaliation when it's not typically enforced.

9. The court found "Decastro has failed to plausibly allege a constitutional violation." The court basically found that plaintiff failed to allege any facts to support its claims, but made only conclusory statements, even though plaintiff attached a video exhibit showing the facts as well. This is simply a poorly inaccurate factual finding. Further, the court has magically found facts that were not plead to justify the defendants' actions, even making findings of intent and personal knowledge. The court's findings were on an insufficient amount of facts in the pleadings and contrary to many of the facts already in the pleadings. The court also seems to have made findings because plaintiff failed to make enough conclusory statements to summarize the facts.

10. The court found "no evidence was presented as to any damages", citing defendants' motion which contained no affidavit or other evidence, and used this in its judgement on the pleadings. The court also doesn't understand how a replevin action works. The goods aren't returned in the hearing giving the plaintiff time to examine the goods for damages and filing evidence of damages in the hearing.

11. The court found "as for Decastro's claim that his phone was damaged upon return, it finds no support in the record". Here, the court again cites the defendant's motion for evidence, which contained no affidavit or other evidence, and used this in its judgement on the pleadings. Plaintiff's first amended complaint at ¶¶ 16-17, 27, 34 clearly says otherwise, as well as Plaintiff's opposition Doc # 32, ¶¶ 7, 23.

## Attachment 2

**Did you think the District Court applied the wrong law? Yes**

**If so, what law do you want applied? (continued from form):**

5. The presence of a defendant in the caption is irrelevant where they are in the factual allegations. *United States v. ICC*, 337 U.S. 426, 430 (1949); *United States v. Providence Journal Co.*, 485 U.S. 693, 708 n.11 (1988).

6. The court must "construe the complaint in the light most favorable to the plaintiff in a 12(b)(6) motion, which the court cited itself, and then didn't follow. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting Directv, Inc. v Treesh, 487 F.3d 471, 476 (6th Cir. 2007)); *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

7. A motion for judgment on the pleadings is appropriately granted when no material issue of fact exists and the moving party has shown this and the pleadings are closed. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007); *Bickley v. Dish Network, LLC*, 751 F.3d 724, 733 (6th Cir. 2014); *Thomas v. Croft*, No. 2:10-cv74, 2011 U.S. Dist. LEXIS 48442, at *3 (S.D. Ohio May 4, 2011); *Wilson-Bey v. Zak*, No. 05-71472, 2006 U.S. Dist. LEXIS 10932, at *4 (E.D. Mich. Mar. 17, 2006) (Citing a Supreme Court decision); Fed. R. Civ. P. 12(c); See also *Hoskins v. Knox Cnty.*, No. 17-84-DLBHAI, 2018 U.S. Dist. LEXIS 42694, at *9 (E.D. Ky. Mar. 15, 2018) (collection of cases).

8. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 556 (2007).

9. A complaint will not be dismissed merely because it contains an "imperfect statement of the legal theory supporting the claims". *Johnson v. City of Shelby*, 574

U.S. 10 (2014);

10. An arrest not supported by probable cause violates the Fourth Amendment. *Stahl v. Coshocton Cty.*, 754 F. App'x 335 (6th Cir. 2018).

11. Requirements for a §1983 claim are lower at the pleading stage. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

12. The determination of probable cause is an inherently fact-based analysis that must be conducted on a case-by-case basis. *United States v. Frechette*, 583 F.3d 374, 380 n.3 (6th Cir. 2009).

13. Probable cause is a defense from liability, not a defense from suit. *Pierson v. Ray*, 386 U.S. 547, 557 (1967).

14. Plaintiff's rights were chilled if the actions of the defendants would chill a person of ordinary firmness, regardless of whether they actually chilled defendant's. *Alsaada v. City of Columbus*, 536 F. Supp. 3d 216, 268 (S.D. Ohio 2021).

15. "Defendants ostensibly arrested Plaintiff for violating Ohio's criminal trespass law. However, if instead, as Plaintiff appears to allege, Defendants arrested him because of the content of his speech, then Defendants acted in violation of the First Amendment in ways that should have been clear to a reasonable officer." *Logsdon v. Hains*, 492 F.3d 334, 346 (6th Cir. 2007).

16. Requiring a showing of evidence at the pleading state is inappropriate. *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

17. Regardless of usual business hours or posted business hours, a person has a privilege to enter an establishment when it is "open to the public", and an unlocked door during business hours continues to extend a tacit invitation to the public. *STATE v. KILGORE, C.A.* Case No. 17880, 2000 Ohio App. LEXIS 2612, at *7-8 (Ct. App. June 16, 2000).

18. By the wording of the O.R.C. 2911.21(A)(1) trespass statute, including the word "knowingly", it is clear that the intent of the statute is to require intent.

19. The court must interpret the statute to be constitutional even if that interpretation departs from the most natural reading. *Jennings v. Rodriguez*, 138 S. Ct. 830, 869 (2018).

20. *Nieves v. Bartlett*, 587 U.S., 139 S. Ct. 1715, 1725 (2019) and *Hartman v.*

4

*Thompson*, 931 F.3d 471, 484 (6th Cir. 2019) are distinguished by the fact that they are summary judgment motions, where a "showing" of evidence is appropriate. Requiring a showing of evidence at this stage in the pleading is inappropriate. *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

21. *Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004), is distinguishable in that it was for illegal seizure of property and not illegal search and the Defendants in their individual capacities do not represent the state.

22. Naming a government employee in their official capacity also names their employer. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

23. *Whitley v. Mich. Dept. of Corr.*, 1:22-cv-448, *10 n.2 (W.D. Mich 2022) is distinguishable mostly because it was not a pro se Plaintiff, but the Plaintiff also failed to attach a proposed amended complaint as required by local rules. Here, we have a pro se Plaintiff and no local rules requiring attached amendments. Additionally, Plaintiff has clearly requested leave to amend in its 59(e) motion conclusion. Plaintiff also be filed a separate motion for leave to amend.

24. Newly discovered evidence is good cause for allowing even a late amended complaint. The new evidence would lead a reasonable juror to find plaintiff innocent of the trespass charges which this court ruled on primarily due to the time on the city hall clock. *Maniaci v. Schwartz*, 6th Cir. NO. 93-1326, 1994 U.S. App. LEXIS 10740, at 6 (May 11, 1994); *Langley v. Credit Suisse First Boston Corp.*, 89 F.App'x 938, 944 (6th Cir.2004); *James v. City of Detroit*, 6th Cir. No. 20-1805/21-1053, 2021 U.S. App. LEXIS 35069, at 9-12 (Nov. 23, 2021); *Venture Global Eng., Ltd. Liab. Co. v. Satyam Computer Servs.*, 730 F.3d 580, 590 (6th Cir.2013); *Grant v. Target Corp.*, 281 F.R.D. 299, 304 (S.D.Ohio 2012); *Ketter v. City of Newark*, S.D.Ohio No. 04-cv-00550, 2008 U.S. Dist. LEXIS 133918, at 3-5 (July 25, 2008); *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, E.D.Mich. No. 08-14922, 2009 U.S. Dist. LEXIS 148128, at 5-6 (June 17, 2009).

## Attachment 4

**What specific issues do you wish to raise on appeal? (continued from form):**

8. Can a court determine that a trespass has occurred based on the pleadings from an inaccurate wall clock, when it is clear in case law that trespass requires the business to be closed to the public?

9. Can a court determine that a trespass has occurred based on the pleadings when trespass is an intent based crime and there is no evidence or allegations of intent in the non-conclusory pleadings?

5

10. Can a party move for judgment on the pleadings before the pleadings are closed?

11. Must a § 1983 Monell claim contain a perfect statement of legal theory, or must it only plead facts which establish the claim?

12. Is it proper for a court to admonish a plaintiff for violating a local rule related to discovery but not to admonish the defendants for violating a federal rule, or does that show an appearance of bias?

13. Must a non-moving party deny or correct a moving party's incorrect legal conclusions in their opposition in order to stop a court from applying the incorrect law without court analysis, even though the non-moving party has made a general opposition? Does Fed. R. Civ. P. Rule 7(b)(1)(B) not require sufficient grounds?

14. Can the court conclude that no reasonable jury could determine that plaintiff lacked intent based on a conclusory statement on whether someone was an employee?

15. Can the court conclude that no reasonable jury could determine that plaintiff lacked intent based on a conclusory statement on what was said by the employee without the actual words said?

16. Can the court make factual determinations for all reasonable juries made on conclusory statements or should they look at the video evidence and make objective determinations?

17. Can the court make subjective determinations on what a police officer had in their knowledge by reviewing pleadings that are absent of that information, or by watching a video?

18. Can a court *sua sponte* apply facts to a criminal statute that aren't in that pleading?

19. When applying facts in a pleading to a criminal statute, should the court look at all the facts or just conclusory statements?

20. When a court applies facts to a criminal statute, should the court interpret the statute in a way that doesn't violate the U.S. Constitution?

21. When a court applies facts to a criminal statute, should the court look at prior interpretations of that statute?

22. When a court applies facts to a criminal statute in a motion to dismiss, should the court weigh the pleadings in the light most favorable to the plaintiff?

23. Is it fraud when a defendant relies on facts that they know to be false, argues those facts even knowing that they're false, and does that raise an error sufficient to justify an amended judgement?

24. When determining whether a plaintiff has plausibly alleged a claim, should it only look at the conclusory statements that the plaintiff made or should it include the facts alleged?

25. Can the court rely on and cite a defendant's opposed motions containing no affidavits or evidence when making a judgment on the pleadings?

26. When a court finds that facts are missing from the record that are clearly there, is that an error?

27. When a court makes findings that contradict the factual allegations in the pleadings including the video, is that an error?

28. Can the court dismiss a pro se plaintiff's complaint without leave to amend, when there are clearly facts that could be plead to correct any deficiencies?

29. Must the court consider a pro se plaintiff's other documents filed when determining if there are sufficient other facts that could be plead to correct the complaint?

30. Must a defendant be named in the caption and even if so, should a party be allowed to amend the pleading where it is missing?

31. Isn't arguing that an arrest was made without probable cause the same as arguing that one's fourth amendment rights were violated?

32. Are the pleading standards for a pro se §1983 claim lower than other types of claims?

33. Can a probable cause determination be made based on case law or must it be made on a fact-based case by case analysis, and must that be by the fact finder at trial?

34. Wouldn't a reasonable officer have known that they were violating the rights of a plaintiff by arresting them while they were protesting in a traditional public forum while the building was still open to the public?

35. Even if there was probable cause, doesn't it matter that the defendants would have lacked probably cause if plaintiff had not been discriminated against when seeking a permit?

36. Does an officer need to be aware of intent to establish probable cause for an

7

intent based crime?

37. Is a person in violation of O.R.C. 2911.21(A)(1) if they had privilege when they entered the building and the privilege had not been revoked? It has not been alleged what the posted business hours of the building were or that a person with the capacity to revoke plaintiff's privileges did indeed revoke plaintiff's privileges.

38. Can the privileges of a person exercising their first amendment rights in a traditional public forum be revoked when the building is still open to the public?

39. Is a building still open to the public when the doors are unlocked and members of the public are still in the building?

40. Must a plaintiff plead facts sufficient to show a lack of probable cause in the pleading stage?