**CASE NO. 23-3808**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

_____

**JOSE MARIA DECASTRO,**

**PLAINTIFF-APPELLANT,**

**v.**

**PAM WAGNER, ET AL.,**

**DEFENDANTS-APPELLEES.**

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**
Case No. 1:22-cv-00204 (Barrett, M.)
_____

**BRIEF OF LAWRENCE COUNTY DEFENDANTS-APPELLEES**

_____

**Cassaundra L. Sark (0087766)**
**Randall L. Lambert (0017987)**
**Lambert Law Office**
**P.O. Box 725**
**Ironton, OH 45638**
**(740) 532-4333**
**(740) 532-7341 – Fax**
**csark@lambert-law.org**
*Counsel for Lawrence County Defendants-Appellees*

# <u>TABLE OF CONTENTS</u>

**<u>TABLE OF AUTHORITIES</u>**.................................................................iii

**<u>REQUEST FOR ORAL ARGUMENT</u>** ..........................................1

**<u>STATEMENT OF THE CASE AND PROCEDURAL HISTORY</u>** ...........1

**<u>SUMMARY OF THE ARGUMENT</u>** ...............................................8

**<u>ARGUMENT</u>** ....................................................................................8

  **I.** **<u>Standard Of Review</u>** ...........................................................8

  **II.** **<u>The District Court Correctly Denied DeCastro Leave To Amend His Complaint.</u>** ................................................................9

    **a.** **<u>DeCastro Did Not File A Motion For Leave To Amend Prior To The District Court's Decision Granting The Lawrence County Defendants' Motion To Dismiss.</u>** .................................................10

    **b.** **<u>The District Court Properly Denied DeCastro's Motion To Vacate And Leave To File A Second Amended Complaint.</u>** .........13

  **III.** **<u>The First Amended Complaint Omitted The Lawrence County Defendants And All Claims Against Them, And As A Result, The District Court Properly Granted The Motion To Dismiss.</u>** ..............18

  **IV.** **<u>DeCastro Repeatedly Failed To Address The Omission Of The Lawrence County Defendants In The Amended Complaint.</u>** .........22

  **V.** **<u>Although A Court Must Construe A Complaint In A Light Most Favorable To A Plaintiff, It Does Not Have To Accept Legal Conclusions And Baseless Accusations As True.</u>** ...............................24

**<u>CONCLUSION</u>**.................................................................................26

**<u>CERTIFICATE OF COMPLIANCE</u>**................................................27

**<u>CERTIFICATE OF SERVICE</u>**.......................................................28

**<u>DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS</u>** ...Appx

# TABLE OF AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)......................................... 9, 24, 25

*Bauer v. Singh*, No. 3:09-cv-194 (S.D. Ohio 2010) ............................... 21

*Beamer v. Bd. of Crawford Township Trustees,* Case No. 2:09-cv-213
(S.D. Ohio 2010) ...................................................................... 13, 14

*Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776 (6th Cir. 2000)... 11, 12, 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................. 9

*Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002)..................... 9, 25

*Braswell v. Invacare Corp.*, 760 F.Supp.2d 679 (S.D. Miss. 2010)..................... 19

*Bunn v. Navistar, Inc.*, No. 19-5406, 2020 WL 113905 (6th Cir. 2020).............. 14

*Cain v. Thompson*, Civil Action No. 3:19-CV-00181-GNS (W.D. Ky. 2020) ...... 9

*Camaj v. Makower Abbate Guerra Wegner Vollmer PLLC*, No. 19-cv-10179
(E.D. Mich. 2019)...................................................................... 23

*Carpenter v. Springleaf Consumer Loan, Inc.*, No. 1:15-cv-666
(S.D. Ohio 2016) ...................................................................... 11

*Carthan v. Snyder (In re Water)*, 384 F.Supp.3d 802 (E.D. Mich. 2019)........... 21

*Chambers v. Time Warner, Inc.*, No. 00 Civ. 2839, 2003 WL 1107790
(S.D.N.Y. 2003) ...................................................................... 19

*Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir. 1975)................. 25

*Cooper v. City of Westerville*, No. 2:13-cv-427 (S.D. Ohio 2014) ...................... 19

*Courser v. Allard*, No. 1:16-CV-1108, 2016 WL 10592322
(W.D. Mich. 2016) ...................................................................... 19

*Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351
(E.D. Va. 1998) ...................................................................... 19

*Deplae v. Regional Acceptance Corp.*, No. 3:09-cv-227 (E.D. Tenn. 2010) ....... 24

*Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009) ........... 24

*Elmore v. Memphis Shelby Cnty. Film Commn.*, 2:20-cv-02330-JTF-cgc
(W.D. Tenn. 2021) ............................................................................... 19

*Estes v. Ky. Utils. Co.*, 636 F.2d 1131 (6th Cir. 1980) ........................................ 10

*Freeman v. Jones*, No. 1:20-cv-00290-CLC-SKL (E.D. Tenn. 2020) ................ 19

*Gilligan v. Crowe*, No. 16-147, 2016 WL 3434026 (S.D. Ohio 2016) ............... 12

*Grant v. Montgomery Cnty.*, No. 3:19-cv-80 (S.D. Ohio 2021) ......................... 11

*Greenlee v. Miami Twp.*, No. 3:14-cv-173 (S.D. Ohio 2014) ............................. 21

*Hall v. Prudential Ins. Co. of Am.*, No. 3:13-CV-707-PLR-HBG
(E.D. Tenn. 2014) ...................................................................... 8, 9, 25

*Higgs v. Transportation Specialist Sanford, et al.*, 2009 U.S. Dist. LEXIS
51726 (W.D. Ky. 2009) ........................................................................... 14

*In re Behr Dayton Thermal Prods., LLC Litig.*, No. 3:08-cv-326
(S.D. Ohio 2012) ..................................................................................... 20

*In re Foley*, No. 09-52539, Adv. No. 10-5029 (Bankr. E.D. Ky. 2010) .......... 9, 25

*James v. Watt*, 716 F.2d 71 (1st Cir. 1983) ........................................................ 14

*Johnson v. Dodds Bodyworks, Inc.*, Civil Action 2:21-cv-4995
(S.D. Ohio 2022) ..................................................................................... 11

*Jones v. Blackburn*, No. 3:14-cv-01229 (M.D. Tenn. 2014)............................... 25

*Jones v. Parmley*, No. 5:98-CV-374 FJS/GHL, 2005 WL 928666
(N.D. N.Y. 2005) ..................................................................................... 21

*Kaplan v. Univ. of Louisville*, 10 F.4th 569 (6th Cir. 2021)............................. 8, 9

*Louisiana School Ret. V. Ernst Young*, 622 F.3d 471 (6th Cir. 2010) ................ 11

*Leisure Caviar v. U.S. Fish and Wildlife*, 616 F.3d 612 (6th Cir. 2010) ............. 14

*Linthicum v. Johnson*, No. 1:02-cv-480 (S.D. Ohio 2006) .................................. 22

*Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002) ............................................ 14

*Palakovic v. Wetzel*, 854 F.2d 209 (3d Cir. 2017)............................................... 19

*Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593 (6th Cir. 2001)...... 10

*Phillips-Addis v. Bush*, No. 1:21-cv-248 (W.D. Mich. 2021) ............................. 19

*PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004)........................... 15

*Proctor v. First Premier Corp.*, No. 20-2162 (D.D.C. 2021) .............................. 19

*Rollins v. Lane*, Civil Action 4:22CV-P162-JHM (W.D. Ky. 2023) ................... 13

*Roskam Baking Co, Inc. v. Lanthan Machinery Co., Inc.*, 288 F.3d 895
(6th Cir. 2002) ............................................................................................. 12, 13

*United States v. Dalide*, 316 F.3d 611, 622 (6th Cir. 2003)................................. 17

*Van Vleck v. Keikin, Ingber & Winters, P.C.*, No. 20-11635
(E.D. Mich. 2022)............................................................................................. 18

*Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989)..................................................... 25

*Whitley v. Mich. Dept. of Corr.*, 1:22-cv-448 (W.D. Mich. 2022)...................... 12

*Wiesmueller v. Oliver*, No. 3:18-cv-01257 (M.D. Tenn. 2020) ........................... 14

*Wysong Corp. v. APN, Inc.*, 266 F.Supp.3d 1058 (E.D. Mich. 2017)................. 23

**Rules:**

Fed.R.Civ.P. 8 ...................................................................................................... 22

Fed.R.Civ.P. 10 .................................................................................................... 21

Fed.R.Civ.P. 12 ................................................................................................. 8, 9

Fed.R.Civ.P. 15 .................................................................................................... 16

Fed.R.Civ.P. 41 .................................................................................................... 19

## REQUEST FOR ORAL ARGUMENT

Pursuant to 6 Cir. R. 34(a), counsel for the Lawrence County Defendants-Appellees hereby respectfully requests oral argument. The undersigned counsel believes that oral argument will provide an opportunity to address any questions this Honorable Court may have regarding this matter.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

Plaintiff-Appellant, Jose Maria DeCastro (hereinafter, "DeCastro"), is a self-proclaimed "videographer, vlogger, and civil rights activists [*sic*] who has been video recording, publishing his recordings, edited and unedited, on media forums such as YouTube, Facebook, Instagram, and the like since approximately 2020." (R. 20, Amended Complaint, PAGEID #: 134). According to DeCastro, the financial benefits of his postings "have been an essential economic support for him." (R. 20, Amended Complaint, PAGEID #: 134).

On March 29, 2022, DeCastro, who is not a resident of Ironton, Ohio, was at the Ironton City Hall building waiting "for a permit to use one of the rooms for a constitutional teaching session." (R. 20, Amended Complaint, PAGEID #: 134-135). The Amended Complaint alleges that at approximately 5:00 p.m., a City of Ironton employee announced that the building was closing and going to be locked. (R. 20, Amended Complaint, PAGEID #: 134). Although DeCastro claims he was not given time to leave the building, per the Amended Complaint, his interaction with Ironton

Police Chief Pam Wagner did not occur until three minutes later at 5:03 p.m. (R. 20, Amended Complaint, PAGEID #: 134). According to DeCastro, Chief Wagner approached him and ordered him to "cease and desist his disorderly conduct." (R. 20, Amended Complaint, PAGEID #: 135). After DeCastro failed to leave the building, he was arrested by Spoljaric, Blankenship, McKnight, and Fouch, who are all officers with the Ironton Police Department. (R. 20, Amended Complaint, PAGEID #: 135). DeCastro was then taken to the booking area where he "was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken." (R. 20, Amended Complaint, PAGEID #: 135).

DeCastro claims that during the booking process, "John Chapman, the top-ranking jailer, told [him] that he had to get his Social Security number." (R. 20, Amended Complaint, PAGEID #: 135). According to DeCastro, he objected and Chapman informed him that he would be listed as "John Doe" and incarcerated, for up to three months, until the FBI confirmed his identity. (R. 20, Amended Complaint, PAGEID #: 135). Allegedly, Chapman again demanded DeCastro's Social Security number and threatened to charge DeCastro with obstruction of justice if he did not comply by providing his Social Security number. (R. 20, Amended Complaint, PAGEID #: 135). As a result, DeCastro claims that "under this threat [he] provided his Social Security number to John Chapman." (R. 20, Amended

Complaint, PAGEID #: 135).

DeCastro filed a pro se Complaint in the United States District Court for the Southern District of Ohio, Western Division, on April 13, 2022. (R.1, Complaint, PAGEID #: 1-27). The Complaint named the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, Major Chapman, Jane Doe, City of Ironton, and Lawrence County, Ohio.[1]

On May 11, 2022, Defendants Lawrence County, Major Chapman, and Jane Doe (hereinafter, the "Lawrence County Defendants") filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (R. 8, Lawrence County Defendants' Motion to Dismiss, PAGEID #: 59-72). DeCastro failed to respond to the Lawrence County Defendants' Motion to Dismiss pursuant to S.D. Ohio Civ. R. 7.2(a)(2). As a result, on June 29, 2022, the District Court's Order to Show Cause required DeCastro, on or before July 22, 2022, to explain, in writing, why the Lawrence County Defendants' Motion to Dismiss should not be construed as unopposed and granted. (R. 16, Order to Show Cause, PAGEID #: 123-124). Alternatively, the District Court permitted DeCastro to satisfy the requirements of the aforesaid Order by filing a responsive memorandum to Defendants' motion by July 22, 2022. (R. 16, Order to Show Cause, PAGEID #:

---

[1] Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, and the City of Ironton are represented by separate counsel.

123-124). The Order stated that DeCastro's "[f]ailure to timely comply with this Order will result in the pending motion being granted as unopposed [...]." (R. 16, Order to Show Cause, PAGEID #: 123-124).

DeCastro failed to comply with the Court's June 29, 2022 Order to Show Cause. Instead, on August 11, 2022, DeCastro filed a Response to the Order to Show Cause. (R. 18, Plaintiff's Response to Court's Order to Show Cause, PAGEID #: 127-130). The aforesaid Response provided that DeCastro did not receive any filings until July 27, 2022. (R. 18, Plaintiff's Response to Court's Order to Show Cause, PAGEID #: 128). DeCastro further claimed that "[o]n July 28, 2022, Plaintiff received this court's order to show cause, *Dkt. #17*, as the first item he has received from anyone relating to this action." (R. 18, Plaintiff's Response to Court's Order to Show Cause, PAGEID #: 128). As a result, DeCastro requested that the case not be dismissed and be granted the "opportunity to pursue his case on the merits." (R. 18, Plaintiff's Response to Court's Order to Show Cause, PAGEID #: 128).

On August 15, 2022, the District Court's Order rescinded the June 29, 2022 Order to Show Cause and granted DeCastro an extension of 30 days, from the date of the Order, to respond to Defendants' pending dispositive motion or file an amended complaint. (R. 19, Order, PAGEID #: 131).

DeCastro then filed an Amended Complaint on September 15, 2022. (R. 20,

Amended Complaint, PAGEID #: 132-145). The Amended Complaint omitted the following Defendants from the caption, who were named in the original Complaint: John Chapman, Jane Doe, Lawrence County, Ohio, and the City of Ironton, Ohio. (R. 20, Amended Complaint, PAGEID #: 132). The Amended Complaint also omitted the following causes of action, which were set forth in the original Complaint: Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 5 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; and Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe. (R. 20, Amended Complaint, PAGEID #: 132-145). DeCastro's Amended Complaint set forth the following causes of action: Cause 1 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Wagner, Spoljaric, Blankenship, McKnight, and Fouch; Cause 2 – 42 U.S.C. § 1983 – Fourteenth Amendment Violation (Due Process) against the Defendants who withheld DeCastro's iPhone 12 Max; Cause 3 – 42 U.S.C. § 1983 – Violation of First Amendment against the Defendants who arrested him and searched and "damaged" his iPhone; and Cause 4 – 42 U.S.C. § 1983 – Monell claim against the Defendants who interfered with his First Amendment right to record public officials in the City of Ironton by arresting him and unlawfully searching, seizing, and permanently damaging his recording device (i.e., his iPhone). (R. 20, Amended Complaint, PAGEID #: 132-145).

Shortly thereafter, on September 20, 2022, the Lawrence County Defendants

filed a Motion to Dismiss the Amended Complaint. (R. 21, Lawrence County Defendants' Motion to Dismiss Amended Complaint, PAGEID #: 146-156). DeCastro once again failed to timely respond, and on October 24, the District Court's Order to Show Cause instructed DeCastro to provide, in writing, on or before November 17, 2022, why the Lawrence County Defendants' Motion to Dismiss should not be construed as unopposed and granted. (R. 25, Order to Show Cause, PAGEID #: 221-222). The Order further provided that "Plaintiff may also satisfy the requirements of this Order by filing a responsive memorandum to Defendants motion by the 11/17/2022 deadline. Failure to timely comply with this Order will result in the pending motion being granted as unopposed for the reasons stated therein." (R. 25, Order to Show Cause, PAGEID #: 221-222).

On December 6, 2022, the District Court's Order granted Defendants' Motion to Dismiss and "closed and terminated" this case from the Court's active docket. (R. 27, Order, PAGEID #: 225-226). On December 7, DeCastro filed a Motion for Leave to File Response Two Days Late. (R. 29, Motion for Leave to File Response, PAGEID #: 228-231). Attached to the Motion for Leave was DeCastro's Response in Opposition to Defendants' Motion for Judgment on the Pleadings. (R. 29-1, Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings, PAGEID #: 232-246). As a result of DeCastro's Motion, the lower court vacated the Order to Show Cause. (R. 27, Order, PAGEID #: 225-226).

Ultimately, the District Court granted the Lawrence County Defendants' Motion to Dismiss on August 3, 2023. (R. 47, Opinion and Order, PAGEID #: 557-564). After DeCastro filed a Motion for Reconsideration (R.49, Motion for Reconsideration, PAGEID #: 566-575), a second Motion for Reconsideration (R. 51, Second Motion for Reconsideration, PAGEID #: 579-585), and a Motion to vacate the judgment and leave to file a second amended complaint (R. 55, Motion to Vacate Judgment and Leave to File Second Amended Complaint, PAGEID #: 612-666), which were all denied, DeCastro filed his Notice of Appeal on October 2, 2023 (R. 60, Notice of Appeal, PAGEID #: 685).

Now, on appeal, DeCastro is requesting this Court reverse the District Court's Order granting the Lawrence County Defendants' Motion to Dismiss (R.21, Lawrence County Defendants' Motion to Dismiss, PAGEID #: 146-156) and the Ironton City Defendants' Motion for Judgment on the Pleadings (R. 23, Motion for Judgment on the Pleadings, PAGEID #: 164-217), remand the case to the District Court, reverse the District Court's denial of DeCastro's leave to file a Second Amended Complaint, and "[r]ecuse Judge Barrett for obvious and apparent bias." (R. 63, Pro Se Appellant's Brief, PAGEID #: 691). DeCastro claims that "Judge Barrett has shown an appearance of bias due to plaintiff blasting the judge on YouTube and apparently knows Judge Waldo, a witness." (R. 63, Pro Se Appellant's Brief, PAGEID #: 691).

## SUMMARY OF THE ARGUMENT

DeCastro's Brief sets forth twenty-four (24) reasons why he believes the District Court applied the wrong law, along with forty (40) issues that he is raising on appeal. (R. 63, Pro Se Appellant's Brief, PAGEID #: 690-699). The pertinent issues can be narrowed down to the following: (1) whether the District Court appropriately denied DeCastro leave to amend his Complaint for a second time; and (2) whether the District Court correctly held that the First Amended Complaint omitted the Lawrence County Defendants and all claims against them, and as a result, properly granted the aforesaid Defendants' Motion to Dismiss. This Brief also addresses DeCastro's repeated failure to correct the omission of the Lawrence County Defendants, and all claims against them, in the Amended Complaint. For the reasons set forth below, the Lawrence County Defendants maintain that the District Court properly granted the Motion to Dismiss and dismissed the Amended Complaint.

## ARGUMENT

### I.    Standard of Review

Under Fed.R.Civ.P. 12(b)(6), a court may dismiss a cause of action or complaint that fails to state a claim upon which relief can be granted. *Hall v. Prudential Ins. Co. of Am.*, No. 3:13-CV-707-PLR-HBG, *4 (E.D. Tenn. 2014) (citing *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 576 (6th Cir. 2021)). While a

court must view the facts in a light most favorable to the plaintiff when analyzing a motion to dismiss, a court need not accept as true factual allegations that are clearly contradicted. *Cain v. Thompson*, Civil Action No. 3:19-CV-00181-GNS, *7 (W.D. Ky. 2020). Moreover, legal conclusions, deductions or opinions couched as factual allegations are not given a "presumption of truthfulness." *In re Foley*, No. 09-52539, Adv. No. 10-5029, *4 (Bankr. E.D. Ky. 2010). *See also Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) (holding that when ruling on a motion to dismiss, although the non-movant's factual allegations must be accepted as true, a court is not required to accept legal allegations as true); *Hall*, No. 3:13-CV-707-PLR-HBG at *4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("Although courts deciding Rule 12(b)(6) motions must accept the plaintiff's well-pleaded allegations as true, courts will not accept conclusory statements, legal conclusions, or unwarranted factual inferences as true.").

When a district court dismisses a complaint pursuant to a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the decision is reviewed de novo. *Kaplan*, 10 F.4th at 576. The appellate court affirms the dismissal unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.    <u>The District Court Correctly Denied DeCastro Leave To Amend His Complaint.</u>

Pursuant to Fed.R.Civ.P. 15(a), a court may permit a plaintiff to amend his

complaint if "justice so requires." However, the decision regarding whether to grant permission to amend the complaint "is left to the sound discretion of the district court […]." *Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). When determining whether to allow a party to amend the complaint, a court "should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

In this case, DeCastro alleges that the District Court incorrectly denied leave to amend his Complaint. However, for the reasons set forth below, DeCastro was properly denied leave to amend his Complaint.

### a. **DeCastro Did Not File A Motion For Leave To Amend Prior To The Lower Court's Decision Granting The Lawrence County Defendants' Motion To Dismiss.**

DeCastro never requested leave to file a Second Amended Complaint prior to the District Court granting the Lawrence County Defendants' Motion to Dismiss. In the lower court, DeCastro claimed that he "requested leave to amend prior to dismissal at Opposition ¶39" (R. 51, Second Motion for Reconsideration, PAGEID #: 584; R. 32, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings, PAGEID #: 426). DeCastro's alleged "request" to file an amended complaint was merely a sentence set forth in his

Memorandum in Opposition to the Lawrence County Defendants' Motion to Dismiss. (R. 32, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings, PAGEID #: 426).). The "request" stated the following: "If the underlying facts were lacking, which is all that is required of Plaintiff at the pleading stage, he should be given leave to add them." (R. 32, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings, PAGEID #: 426). DeCastro's request in his Response in Opposition was not a proper motion. *See Louisiana School Ret. V. Ernst Young*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 784 (6th Cir. 2000) ("A request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is […] not a motion to amend.'")). DeCastro also failed to provide a proposed amended pleading for the lower court to review, and as a result, the District Court has no basis to determine whether the amendment was warranted.[2] *See Begala v. PNC Bank, Ohio, National Ass'n*, 214 F.3d 776, 784 (6th

---

[2] DeCastro claims that "no local rules [require] attached amendments." (R. 63, Pro Se Appellant's Brief, PAGEID #: 696). While it is true that the District Court's Local Rules do not require the proposed amended complaint to be attached to the motion (See *Johnson v. Dodds Bodyworks, Inc.*, Civil Action 2:21-cv-4995, *1 (S.D. Ohio 2022)), well-established caselaw provides that the party seeking leave to amend should attach the proposed amended pleading to the motion. *See Carpenter v. Springleaf Consumer Loan, Inc.*, No. 1:15-cv-666, *7 (S.D. Ohio 2016) ("Plaintiff must file a separate 'motion' for leave to amend and attach to that motion a copy of the proposed amended complaint."); *Grant v. Montgomery Cnty.*, No. 3:19-cv-80,

Cir. 2000) ("Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motion to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint. * * * Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6)."); *Gilligan v. Crowe*, No. 16-147, 2016 WL 3434026, *3 (S.D. Ohio 2016) (denying request to amend where movant failed to provide a proposed amended complaint or otherwise describe the new allegations that he would include in his proposed amendment).

The issue of a proper motion, when seeking to amend a pleading, was addressed in *Whitley v. Mich. Dept. of Corr.*, 1:22-cv-448, *10 n.2 (W.D. Mich. 2022):

> Deep in her response brief, Plaintiff includes a sentence requesting an opportunity to amend if her complaint is found deficient. The time for Plaintiff to file an amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1) is long expired. Thus, she must file a motion for leave to amend pursuant to Rule 15(a)(2). However, Plaintiff's request in her brief is not a proper

---

*18 (S.D. Ohio 2021) ("He must attach a copy of the proposed Amended Complaint to his motion for leave to file."). Moreover, the District Court has discretion to determine whether to permit leave to amend a pleading. *See Begala*, 214 F.3d at 784 (finding the district court did not err in denying leave to amend to plaintiffs who informally requested leave to amend in a memorandum in opposition to a dismissal motion); *Roskam Baking Co, Inc. v. Lanthan Machinery Co., Inc.*, 288 F.3d 895, 906-907 (6th Cir. 2002) (no abuse of discretion in failing to grant leave to amend complaint where plaintiff fails to provide a proposed amended complaint).

motion, and a court does not abuse its discretion in denying an opportunity to amend under such circumstances. *See D.E.&J Ltd. P'ship v. Conaway*, 133 Fed.Appx. 994, 1001-02 (6th Cir. 2005). Moreover, Plaintiff has not provided a proposed amended pleading to the Court to review. * * * Absent the substance of the proposed amendment, a court has no basis to determine whether "justice so requires" an amendment. *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).

(Citations to record omitted).

Accordingly, the record clearly demonstrates that DeCastro did not properly request leave to amend prior to the District Court granting the Lawrence County Defendants' Motion to Dismiss.

### b. <u>The District Court Properly Denied DeCastro's Motion To Vacate And Leave To File A Second Amended Complaint.</u>

On September 8, 2023, DeCastro filed a Motion to Vacate Judgment and Leave to File a Second Amended Complaint. (R. 55, Motion to Vacate Judgment and Leave to File Second Amended Complaint, PAGEID #: 612-666). This occurred after the District Court granted the Lawrence County Defendants' Motion to Dismiss. (R. 47, Opinion and Order, PAGEID #: 557-564). It is well-settled that after a final judgment, a plaintiff may only amend a complaint pursuant to Rule 15(a) with leave of the court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated. *Beamer v. Bd. of Crawford Township Trustees,* Case No. 2:09-cv-213, *5 (S.D. Ohio 2010). *See also Rollins v. Lane*, Civil

Action 4:22CV-P162-JHM, *6 (W.D. Ky. 2023) ("Although Rule 15(a) 'plainly embodies a liberal amendment policy,' *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), there is a 'heavier burden' when requests to amend are made after an adverse judgment."). In order to meet the requirements for reopening a case, pursuant to Rules 59 or 60, a plaintiff must "provide a compelling explanation" for neither amending nor seeking leave to amend before judgment was entered. *Wiesmueller v. Oliver*, No. 3:18-cv-01257, *6 (M.D. Tenn. 2020) (citing *Leisure Caviar v. U.S. Fish and Wildlife*, 616 F.3d 612, 616-17 (6th Cir. 2010)). Otherwise, a plaintiff "could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Bunn v. Navistar, Inc.*, No. 19-5406, 2020 WL 113905, *15 (6th Cir. 2020) (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)). Thus, "unlike the context of Federal Rule of Civil Procedure 15(a), '[a] claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion.'" *Id.* (quoting *Leisure Cavier, LLC*, 616 F.3d at 617). Moreover, Rules 59(e) and 60(b) do not afford a defeated litigant a second chance to convince the court to rule in his/her favor by presenting new explanations, new legal theories, or proof. *Beamer*, at *2 (quoting *Higgs v. Transportation Specialist Sanford, et al.*, 2009 U.S. Dist. LEXIS 51726 (W.D. Ky. 2009)).

The Sixth Circuit previously held the following:

> An open request for the Court to permit amendment to cure deficiencies, once the Court identifies those deficiencies, will not defeat a meritorious motion to dismiss pursuant to Rule 12(b)(6). Had plaintiffs filed a motion to amend the complaint prior to this Court's consideration of the motion to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint. The Court would not have dismissed this action had it been convinced that the deficiencies in the complaint would have been cured by the proposed amendments. Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.

*Begala*, 214 F.3d at 784 (emphasis in original).

DeCastro cites to *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004) to support his argument that the District Court erred by denying him leave to amend his complaint. However, that case actually held that the lower court appropriately denied the plaintiffs leave to amend the complaint.

In *PR Diamonds*, *Inc.*, the plaintiffs argued that the district court erred in dismissing the case without affording them an opportunity to amend their Complaint. *PR Diamonds, Inc.*, 364 F.3d at 698. The Court held that leave to amend was denied because plaintiffs "failed to follow the proper procedure for requesting leave to amend […]." *Id.* The Court further determined the following:

[T]he usual practice is to grant plaintiffs leave to amend the complaint. Generally, leave to amend is "freely given when justice so requires." *Morse* [*v. McWhorter*, 290 F.3d 795,] 799 (6th Cir. 2002) (quoting Fed.R.Civ.P. 15(a)). However, the Supreme Court has instructed that leave to amend is properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). And while Rule 15 plainly embodies a liberal amendment policy, in the post-judgment setting we must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation. *Morse*, 290 F.3d at 800. "Thus, in the post-judgment context, we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.*

In the lower court, DeCastro claimed that his Motion to Vacate was warranted due to newly discovered evidence and due to fraud. Specifically, DeCastro claimed that "[w]hile working on a new complaint, Plaintiff's newly hired forensic experts discovered, on September 7, 2023, that the times of the events were incorrect in the original and first amended complaint." (R. 55, Motion to Vacate Judgment and Leave to File Second Amended Complaint, PAGEID #: 616). DeCastro further alleged that he "could not have reasonably determined this, as Plaintiff is not an expert and Plaintiff could not have been expected to hire an expert prior to discovery if at all." (R. 55, Motion to Vacate Judgment and Leave to File Second Amended

Complaint, PAGEID #: 617). However, DeCastro could have hired a forensic expert when he amended his complaint for the first time in September of 2022. Moreover, despite claiming this is "new evidence," DeCastro, with due diligence, could have discovered this information prior to the District Court ruling on the Lawrence County Defendants' Motion to Dismiss. *See United States v. Dalide*, 316 F.3d 611, 622 (6th Cir. 2003) (when, with due diligence, evidence could have been discovered prior to judgment, it is not newly discovered).

Additionally, the allegations set forth in the First Amended Complaint are not centered around the time that the incident occurred. The time difference of a couple minutes, if true, fails to establish that the claims set forth in the Amended Complaint sufficiently allege a constitutional violation occurred as a result of Defendants' actions. Most importantly, the allegations revolve only around allegations concerning the City of Ironton Defendants, not the Lawrence County Defendants. The "newly discovered evidence" did not impact any alleged claim against the Lawrence County Defendants because the aforesaid Defendants did not effectuate DeCastro's arrest.

DeCastro also ignores the fact the District Court did, in fact, permit him to file an amended complaint. (R. 20, Amended Complaint, PAGEID #: 132-145). It was in the Amended Complaint that DeCastro omitted the Lawrence County Defendants in the caption and omitted the causes of action set forth against them that were

17

contained in the original Complaint. DeCastro fails to appreciate that he had ample time from April of 2022, until the District Court granted the Lawrence County Defendants' Motion to Dismiss in August of 2023, to file a Second Amended Complaint. DeCastro filed his Motion to Vacate and Leave to File a Second Amended Complaint approximately eighteen months after he filed the original Complaint and over a year after he filed the first Amended Complaint. Nonetheless, DeCastro waited until after the District Court ruled on the Motion to Dismiss before attempting to remedy the deficiencies in his Amended Complaint. *See Van Vleck v. Keikin, Ingber & Winters, P.C.*, No. 20-11635, *11 (E.D. Mich. 2022) ("The fact that Plaintiff elected not to amend his Complaint when he had the right to do so in response to Defendant filing the motion to dismiss also weighs against allowing [Plaintiff] to amend his complaint now and, in essence, take a second bite at the apple. Accordingly, the Court denies Plaintiff's request to file an amended complaint in this matter."). Accordingly, for the reasons set forth above, the District Court properly denied DeCastro's Motion to Vacate and Leave to File a Second Amended Complaint.

### III. The First Amended Complaint Omitted The Lawrence County Defendants And All Claims Against Them, And As A Result, The District Court Properly Granted The Motion To Dismiss.

An amended complaint takes the place of the original complaint, "so it must include all of the Defendants that Plaintiff personally intends to sue and all of the

claims that Plaintiff personally intends to raise." *Phillips-Addis v. Bush*, No. 1:21-cv-248, *10 (W.D. Mich. 2021). *See Freeman v. Jones*, No. 1:20-cv-00290-CLC-SKL, *3 (E.D. Tenn. 2020) ("The amended complaint should clearly list each Defendant that Plaintiff wishes to sue in the caption."); *Elmore v. Memphis Shelby Cnty. Film Commn.*, 2:20-cv-02330-JTF-cgc, *5 (W.D. Tenn. 2021). Thus, because the amended complaint controls who the defendants are in a lawsuit, "parties voluntarily dropped from a […] complaint do not remain in the case." *Proctor v. First Premier Corp.*, No. 20-2162, *3 fn.2 (D.D.C. 2021) (quoting *Palakovic v. Wetzel*, 854 F.2d 209, 221 n.13 (3d Cir. 2017)). *See Courser v. Allard*, No. 1:16-CV-1108, 2016 WL 10592322, *1 (W.D. Mich. 2016) (treating amended complaint dropping defendant as voluntary dismissal as to that defendant).

"An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant." *Cooper v. City of Westerville*, No. 2:13-cv-427, *8 (S.D. Ohio 2014) (citing *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355 (E.D. Va. 1998); *Braswell v. Invacare Corp.*, 760 F.Supp.2d 679, 682-83 (S.D. Miss. 2010) (finding plaintiff's motion to amend complaint, in which she dropped a particular defendant from the action, was appropriately considered as a voluntary dismissal in accordance with Rule 41(a)(2)); *Chambers v. Time Warner, Inc.*, No. 00 Civ 2839, 2003 WL 1107790, *2 (S.D.N.Y. 2003) ("[A]

Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of a claim.")). Accordingly, claims that are not reasserted in the amended complaint are deemed to have been voluntarily dismissed without prejudice. *In re Behr Dayton Thermal Prods., LLC Litig.*, No. 3:08-cv-326, *7 (S.D. Ohio 2012).

DeCastro claims that the District Court improperly "found that [he] amended his complaint to remove the county defendants." (R. 63, Pro Se Appellant's Brief, PAGEID #: 692). DeCastro further alleges that "[t]his is contrary to the first amended complaint which included the same facts, and named the individual county defendants in the pleading." (R. 63, Pro Se Appellant's Brief, PAGEID #: 692). However, DeCastro's Amended Complaint eliminated Lawrence County, John Chapman, and Jane Doe as Defendants. Moreover, the causes of action that were set forth against the aforesaid parties in the original Complaint were not set forth in the Amended Complaint.

Although the body of the Amended Complaint does generally refer to Chapman (R. 20, Amended Complaint, PAGEID #: 135), the actual claims against him, which were set forth in the original Complaint, were omitted. As the District Court noted, "[t]his serves as a further indication to the Court that DeCastro did, indeed, intend to dismiss his claims against the County Defendants." (R. 47, Opinion and Order, PAGEID #: 560). Thus, by omitting Chapman as a named defendant and omitting the causes of action set forth against him, DeCastro intended to dismiss

Chapman. *See Carthan v. Snyder (In re Water)*, 384 F.Supp.3d 802, 843 n.9 (E.D. Mich. 2019) ("Walling is omitted as a named defendant but is still referred to in subsequent allegations. The Court assumes that plaintiffs intended to omit Walling.") (reference to record omitted).

DeCastro alleges that "[t]he presence of a defendant in the caption is irrelevant where they are in the factual allegations." (R. 63, Pro Se Appellant's Brief, PAGEID #: 694). This allegations is blatantly false. Rule 10 of the Federal Rules of Civil Procedure requires "every pleading" to "have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint *must name all the parties* […]." Fed.R.Civ.P. 10 (emphasis added). Thus, courts have concluded that "a party that is not named in the caption of an amended complaint is not a party to the action." *Bauer v. Singh*, No. 3:09-cv-194, *3 (S.D. Ohio 2010) (quoting *Jones v. Parmley*, No. 5:98-CV-374 FJS/GHL, 2005 WL 928666 (N.D. N.Y. 2005)). *See also Greenlee v. Miami Twp.*, No. 3:14-cv-173, *3 n.2 (S.D. Ohio 2014). Thus, because the Lawrence County Defendants were not named in the caption of the Amended Complaint, they were no longer considered parties in this case.

DeCastro also asserts that his Amended Complaint merely contained an "imperfect statement of the legal theory supporting" his claims, and as a result, dismissal was not warranted. (R. 63, Pro Se Appellant's Brief, PAGEID #: 694). However, Fed. R. Civ. P. 8 requires a "short and plain statement of the claim"

21

sufficient to "give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Linthicum v. Johnson*, No. 1:02-cv-480, *61-62 (S.D. Ohio 2006) (citing Fed.R.Civ.P. 8(a)(2)). In this case, because the Amended Complaint omitted the causes of action against the Lawrence County Defendants, and omitted the parties from the Amended Complaint's caption, the Amended Complaint failed to allege facts that would support a claim under some applicable legal theory. Thus, the District Court properly dismissed the Lawrence County Defendants.

## IV.  **DeCastro Repeatedly Failed To Address The Omission Of The Lawrence County Defendants In The Amended Complaint.**

DeCastro claims that the District Court improperly held that he "repeatedly fails to address the County Defendants' assertion that their omission from the amended complaint functions as a voluntary dismissal of the claims against them." (R. 63, Pro Se Appellant's Brief, PAGEID #: 692). DeCastro avers that the District Court's findings are "false and not supported by the pleadings." (R. 63, Pro Se Appellant's Brief, PAGEID #: 692). However, the record establishes that DeCastro failed to address the argument, which was presented multiple times by the Lawrence County Defendants, regarding the omission of the aforesaid Defendants, and all causes of action again them, in the Amended Complaint that were set forth in the original Complaint. (R. 21, Lawrence County Defendants' Motion to Dismiss Amended Complaint, PAGEID #: 146-156; R. 33, Reply in Support of the Motion

to Dismiss; PAGEID #: 428-431; R. 40, Response in Opposition to Plaintiff's Motion for a Protective Order, PAGEID #: 488-496). The aforesaid documents alerted DeCastro of the deficiencies set forth in the Amended Complaint. Said deficiencies were not only highlighted by the Lawrence County Defendants, but the District Court also shed light on the issue.[3] *See Wysong Corp. v. APN, Inc.*, 266 F.Supp.3d 1058 (E.D. Mich. 2017); *Camaj v. Makower Abbate Guerra Wegner Vollmer PLLC*, No. 19-cv-10179, *18-19 (E.D. Mich. 2019) ("Under these circumstances, leave to amend yet again – to correct deficiencies that were plainly highlighted for [plaintiff] prior to his last amendment – is properly denied. Simply put, justice would not be served by granting [plaintiff] a third 'do over.'"). Nonetheless, DeCastro never attempted to amend his Complaint regarding the aforesaid issue.

---

[3] The District Court, in the Memorandum Opinion and Order denying DeCastro's motion that sought a protective order from discovery requests, noted that "[t]he County Defendants' motion to dismiss is based upon the premise that Plaintiff's amended complaint eliminates nearly all references to the allegations and claims originally included by Plaintiff against those Defendants, but for a brief reference to Major Chapman." (R. 45, Memorandum Opinion and Order, PAGEID #: 541, fn. 2). The District Court went on to state that DeCastro's "response in opposition purports to be 'responsive to' the motion to dismiss (see Doc. 32 at 2), but does not directly contest the County Defendants' argument that his amended complaint implicitly dismisses them. By filing a response in opposition that fails to clarify any intention to dismiss the County Defendants, and by filing and briefing the instant discovery-related motion against the same Defendants, Plaintiff persists in driving up the County's litigation costs." (R. 45, Memorandum Opinion and Order, PAGEID #: 541, fn. 2).

The claims that are set forth in the proposed Second Amended Complaint are based upon the same factual allegations as the original Complaint and Amended Complaint. DeCastro repeatedly failed to cure deficiencies that were highlighted by the Lawrence County Defendants and the District Court, and as a result, exhibited undue delay and bad faith by waiting until the District Court ruled on the dispositive motions to file his Motion for Leave to File the Second Amended Complaint. Accordingly, the District Court properly granted the Lawrence County Defendants' Motion to Dismiss due to DeCastro's repeated "failure to address the County Defendants' assertion that their omission from the amended complaint functions as a voluntary dismissal of the claims against them." (R. 47, Opinion and Order, PAGEID #: 560).

## V. **Although A Court Must Construe A Complaint In A Light Most Favorable To A Plaintiff, It Does Not Have To Accept Legal Conclusions And Baseless Accusations As True.**

DeCastro claims that a court must construe the complaint in the light most favorable to the plaintiff in a 12(b)(6) motion. (R. 63, Pro Se Appellant's Brief, PAGEID #: 694). Although a court must view the facts in a light most favorable to the plaintiff when analyzing a motion to dismiss, a court does not need to accept unsupported legal conclusions. *Deplae v. Regional Acceptance Corp.*, No. 3:09-cv-227, *5 (E.D. Tenn. 2010) (citing *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). As the Supreme Court held in *Iqbal*, "the tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Moreover, legal conclusions, deductions or opinions couched as factual allegations are not given a "presumption of truthfulness." *In re Foley*, at *4. *See also Blakely,* 276 F.3d at 863 (holding that when ruling on a motion to dismiss, although the non-movant's factual allegations must be accepted as true, a court is not required to accept legal allegations as true); *Hall*, No. 3:13-CV-707-PLR-HBG at *4 (citing *Iqbal*, 556 U.S. at 678) ("Although courts deciding Rule 12(b)(6) motions must accept the plaintiff's well-pleaded allegations as true, courts will not accept conclusory statements, legal conclusions, or unwarranted factual inferences as true."). Moreover, pro se litigations are not exempt "from compliance with applicable rules of procedural and substantive law. *Jones v. Blackburn*, No. 3:14-cv-01229, *2 (M.D. Tenn. 2014). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (A court cannot "create a claim which [a plaintiff] has not spelled out in his pleading.").

In this case, the Amended Complaint failed to set forth any claim against the Lawrence County Defendants because it not only omitted the aforesaid Defendants

from the caption, but it also omitted the causes of action against the them that were set forth in the original Complaint. Accordingly, the District Court did not err in granting the Lawrence County Defendants' Motion to Dismiss.

## CONCLUSION

DeCastro attempts to persuade this Court, as a pro se plaintiff, that he did not realize his Amended Complaint omitted the Lawrence County Defendants as parties and all claims against them. However, DeCastro was provided ample time, and numerous opportunities, to clarify the Amended Complaint if he desired to include the Lawrence County Defendants in this matter. He failed to attempt to remedy the Amended Complaint's deficiencies until after the District Court granted the Lawrence County Defendants' Motion to Dismiss. Thus, for the reasons set forth above, the Lawrence County Defendants respectfully request this Honorable Court affirm the District Court's decision to grant the motion to dismiss.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
Lambert Law Office
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants-Appellees*

26

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Fed. R. App. P. 32 and 6 Cir. R. 32, the undersigned counsel hereby certifies that the Brief of the Lawrence County Defendants-Appellees complies with this Court's type-volume limitations. According to the word-processing system utilized by the undersigned counsel, Microsoft Word, the relevant portions of this Brief contains 6,489 words written in Times New Roman 14-point font.

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Brief of the Lawrence County Defendants-Appellees was provided via the Court's electronic filing system (CM/ECF) to all parties on the 1st day of February 2024, and sent via USPS, on the same day, to the following:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants-Appellees*

## <u>DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS</u>

Pursuant to 6 Cir. R. 30(g), the Lawrence County Defendants-Appellees hereby designate the following as "Relevant District Court Documents," which were filed in the District Court and available via the court's electronic filing system:

| Document: | PAGEID #: | Description: |
|---|---|---|
| R. 1 | 1-27 | Complaint |
| R. 8 | 59-72 | Lawrence County Defendants' Motion to Dismiss |
| R. 16 | 123-124 | Order to Show Cause |
| R. 18 | 127-130 | Plaintiff's Response to Court's Order To Show Cause |
| R. 19 | 131 | Order |
| R. 20 | 132-145 | Amended Complaint |
| R. 21 | 146-156 | Lawrence County Defendants' Motion to Dismiss Amended Complaint |
| R. 23 | 164-217 | Motion for Judgment on the Pleadings |
| R. 25 | 221-222 | Order to Show Cause |
| R. 27 | 225-226 | Order |
| R. 29 | 228-231 | Motion for Leave to File Response |
| R. 29-1 | 232-246 | Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings |

| R. 31 | 407-412 | Response in Opposition to Motion for Extension of Time to File Response/Reply |
|-------|---------|----------------|
| R. 32 | 413-427 | Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings |
| R. 33 | 428-431 | Reply in Support of the Motion to Dismiss |
| R. 40 | 488-496 | Response in Opposition to Plaintiff's Motion for a Protective Order |
| R. 45 | 539-550 | Memorandum Opinion and Order |
| R. 47 | 557-564 | Opinion and Order |
| R. 49 | 566-575 | Motion for Reconsideration |
| R. 51 | 579-585 | Second Motion for Reconsideration |
| R. 55 | 612-666 | Motion to Vacate Judgment and Leave to File Second Amended Complaint |
| R. 60 | 685 | Notice of Appeal |
| R. 63 | 690-699 | Pro Se Appellant's Brief |