No. 23-3808
_____

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
_____

**Jose DeCastro,**
*Plaintiff-Appellant*,

**v.**

**Pam Wagner, *et al.*,**
*Defendants-Appellees.*
_____

On appeal from the United States District Court for the Southern District of Ohio,
Western Division Case No. 1:22-cv-00204
_____

# BRIEF OF APPELLEES
# PAM WAGNER, BRAD SPOLJARIC, CHANCE BLANKENSHIP, EVAN MCKNIGHT, ROBERT FOUCH, AND THE CITY OF IRONTON
_____

Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
*Attorneys for Defendants/Appellees Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch and the City of Ironton*

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **JOSE DECASTRO**, | : | APP. CASE NO.  23-3808 |
| *Plaintiff-Appellant*, | : | Appeal from the United States |
| | | District Court for the Southern |
| vs. | : | District of Ohio, Western Division, |
| | | Case No. 1:22-cv-00204 |
| **PAM WAGNER,** *et al.*, | : | |
| *Defendants-Appellees.* | : | |

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir.R. 26.1, Defendants-Appellees make the following disclosure:

1.     Is said party a subsidiary or affiliate of a publicly owned corporation?  **NO.**

2.     Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome?  **NO.**


                                                  /s/ *Dawn M. Frick*
Date: February 5, 2024                Dawn M. Frick (0069068)

# **TABLE OF CONTENTS**

**Page**

Table of Authorities……………………………………….……………….……..iii

I.      Statement Requesting Oral Argument……………………………………vii

II.     Statement of Jurisdiction………………………………………...…….1

III.    Statement of Issues……………………………………….…..…….2

IV.     Statement of the Case………………………………...…..……..…...3

    A.      Procedural History……………. …………….. ……………….3

    B.      Factual History………………………………….……...5

V.      Summary of the Argument………………………………….…..…8

VI.     Argument…………………………………….………….………..….8

    A. Standard of Review………………………………...................8

    B. The District Court Did Properly Granted the Ironton Appellees' Motion for Judgment on the Pleadings as to all claims against them because no Material Issue of Fact Existed..…………………….…9

        1. *Appellant failed to state a claim for relief under the Fourth Amendment.* …………………………………………….…10

        2. *Appellant failed to state a claim for relief under the Fourteenth Amendment.* ………………………………………………14

        3. *The District Court did not err in granting the Ironton Appellees' 12(c) Motion as to Appellant's claim for relief under the First Amendment…*………………………………………………16

        4. *The District Court did not err in dismissing Appellant's claim for relief under Monell against the City of Ironton…*………………17

i

C. The District Court properly denied Appellant's Motions to Reconsider because Appellant failed to show the District Court made an error of law. …………………………………….........................…...20

D. The District Court properly denied Appellant's Motion to Vacate the Judgment and Leave to File a Second Amended Complaint as moot………………………………………………..………..23

E. Appellant's Claim that the District Court Judge Was Biased Must Fail…………………………………………….…………24

VII.     Conclusion…………………………………………………...26
.

VIII.   Certificate of Compliance …………………………………...27

IX.     Certificate of Service…………………………………………...27

X.      Addendum…………………………………………………....28

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)..............9, 10

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir.2016) ..............................18

*Brooks v. Rothe*, 577 F.3d 701 (6th Cir.2009).........................................10

*Brown v. City of Syracuse*, 2005 WL 2033492 (N.D.N.Y. Aug. 17, 2005). ..........22

*Buchanan v. Reeve,* 1:23-cv-751, 2005 WL 1652188 (S.D. Ohio Apr. 8, 2005)....15

*Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013). .......................................... 18, 19

*Dawson-Durgan v. Shoop*, No. 1:19-cv-382, 2023 WL 3984600 (S.D. Ohio 2023)
............................................................................................................21

*Dell v. Smith*, 2:23-cv-3167, 2023 WL 8747358 (S.D. Ohio Dec. 19, 2023) .........15

*Devenpeck v. Alford*, 543 U.S. 146 125 S.Ct. 588 (2004).......................................10

*Fridley v. Horrighs*, 291 F.3d 867 (6th Cir. 2002)....................................................11

*Hurst v. Warren,* 62 Fed.Appx. 603 (6th Cir.2003)…………………………………25

*Gardenhire v. Schubert*, 205 F.3d 303 (6th Cir. 2000)). .........................................11

*Garner v. Memphis Police Dep't*, 8 F.3d 358 (6th Cir.1993).................................19

*Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377 (6th
Cir.2004))...........................................................................................................18

*Griham v. City of Memphis Tennessee*, 2022 WL 989175 (W.D. Tenn.) ..............20

*Hartman v. Thompson*, 937 F.3d 471 (6th Cir.2019). .............................................17

*Henry v. United States*, 361 U.S. 98 80 S.Ct. 168 (1959). .....................................11

*In re Greektown Holdings, LLC,* 728 F.3d 567 (6th Cir.2013) ..............................21

*Indah v. U.S. Secs. And Exch. Comm'n*, 661 F.3d 914 (6th Cir.2011)...................21

*Inge v. Rock Financial Corp.,* 388 F.3d 930 (6th Cir.2004)....................................23

*International Metal Trading Inc. v. City of Romulus, Mich.,* 438 Fed.Appx. 460,
   2011 WL 4120415 (6th Cir.2011). ..........................................................................15

*J.P. v. Toft*, No. C2-04-692, 2006 WL 689091 (S.D. Ohio 2006).........................22

*Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir.2019) ...................................19

*JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577 (6th Cir.2007)......................8

*Lifestyle Communities, Ltd. V. City of Worthington, Ohio*, No. 2:22-cv-1775, 2023
   WL 5162656, (S.D. Ohio 2023) ..............................................................................22

*Lilley v. BTM Corp.,* 958 F.2d 746 (6th Cir.1992)………………………….

*Logsdon v. Hains*, 492 F.3d 334 (6th Cir.2007) .............................................. 11, 13

*Long Point Energy, LLC v. Gulfport Energy Corp.,* No. 2:20-cv-46442023 WL
   5318030 (S.D. Ohio 2023). .....................................................................................22

*Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct.
   2018 (1978)……………………………………………………… 17, 18, 19, 20

*Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527 (6th Cir. 2002).........14

*Michigan v. DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627 (1979)..................................10

*Nayyar v. Mt. Carmel Health Systems*, Nos. 2:10-CV-00135; 2:12-CV-00189,
   2014 WL 619394 (S.D. Ohio 2014). .......................................................................22

*Nieves v. Bartlett*, 587 U.S. ---, 139 S.Ct. 1715 (2019)..........................................17

*Norfolk Southern Railway Co., v. Baker Hughes Oilfield Operations, LLC*, No.
   2:19-cv-3486, 2022 WL 1793145 (S.D. Ohio Jun. 2, 2022)...................................23

*Nouri v. County of Oakland*, 615 Fed.Appx. 291 (6th Cir.2015). ..........................20

iv

*Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601 (7th Cir. 2000). ...........................22

*Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233 (6th Cir.1991)...9

*Pegg v. Davis,* No. 2:09-908, 2009 WL 5194436 (S.D. Ohio 2009)............... 21, 22

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). .............................................19

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir.2014)....................................................18

*Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949 (6th Cir.2004),...........................................................................................................21

*Scott v. Clay Cnty., Tenn.*, 205 F.3d 867 (6th Cir.2000). ........................................18

*Sensabaugh v. Halliburton*, 937 F.3d 621 (6th Cir.2019). ......................................17

*Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037 (6th Cir.1991). ...........................24

*Skovgard v. Pedro*, 448 Fed.Appx. 538 (6th Cir. 2011 ................................... 11, 13

*Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478 (6th Cir.1973). ...................................................................................................9

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826 (6th Cir. 2009)…………………………………………………………………………………..24, 25

*Tucker v. Middleburg-Legacy Place,* 539 F.3d 545 (6th Cir.2008) ........................24

*Ullmo ex rel. Ullmo v. Gilmour Acad.,* 273 F.3d 671 (6th Cir.2001)……………..25

*United States v. Grinnell Corp.,* 384 U.S. 563, 86 S.Ct. 1698 (1966)...................25

*Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1983) ...................................................15

**Statutes**

O.R.C. 2901.01. ...................................................................................................12

O.R.C. 2911.21 ............................................................................. 12, 14

28 U.S.C. § 1332 .................................................................................................1

42 U.S.C. § 1983 ...............................................................................................14

**Rules**

6th Cir.R. 26.1 .................................................................................................. ii

Federal Rule of Civil Procedure 59(e) ........................................................... 21, 22

Fed. R. App. P. 32 ..............................................................................................27

**Constitutional Provisions**

U.S. Const. amend. XIV, § 1 .............................................................................14

## I.   STATEMENT REQUESTING ORAL ARGUMENT

Appellees Pam Wagner, Brad Spoljaric, Chance Blakenship, Evan McNight, Robert Fouch and the City of Ironton, Ohio (collectively referred to herein as "the Ironton Appellees") respectfully request oral argument. The Ironton Appellees believe that oral argument may be helpful in assisting the Court in deciding the merits of this appeal.

## II.    <u>STATEMENT OF JURISDICTION</u>

Appellant Jose DeCastro ("Appellant") asserted federal jurisdiction in the District Court pursuant to 42 U.S.C. § 1983 for alleged violations of his First, Fourth and Fourteenth Amendment rights under the United States Constitution and the laws of the State of Ohio. Appellant sought recovery from the Ironton Appellees Pam Wagner, Brad Spoljaric, Chance Blakenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio.

The Ironton Appellees filed a Motion for Judgment on the Pleadings on September 29, 2022. (RE 23, PgID 164-178). On August 8, 2023, District Court Judge Michael R. Barrett issued an Opinion and Order granting the Ironton Appellees' Motion for Judgment on the Pleadings. (RE 47, PgID 557-564). Appellant filed a notice of appeal on October 2, 2023, appealing the Order and Judgment Entry of September 26, 2023, as well as "any and all interlocutory rulings, decisions, and orders." (RE 60, PgID 685).

### III.   STATEMENT OF ISSUES

1. **The District Court Properly Granted the Ironton Appellees' Motion for Judgment on the Pleadings as to all claims against them because No Material Issue of Fact Existed.**

   a. *The District Court properly concluded that there were no genuine issues of material fact and that the Ironton Appellees were entitled to judgment as a matter of law on Appellant's claim of wrongful arrest under the Fourth Amendment.*

   b. *Aside from a conclusory allegation, Appellant failed to show that the Ironton Appellees searched his phone and therefore he failed to state a claim for relief under the Fourth Amendment.*

   c. *Appellant failed to state a claim for relief under the Fourteenth Amendment because he regained possession of his phone through an adequate state procedural remedy.*

   d. *Appellant was arrested pursuant to probable cause and therefore the District Court did not err in dismissing his First Amendment retaliation claim.*

   e. *Appellant failed to state a claim for relief under Monell against the City of Ironton because he failed to adequately allege a constitutional violation and failed to identify any custom, policy or practice.*

2. **The District Court properly denied Appellant's Motions to Reconsider because Appellant failed to show the District Court made an error of law.**

3. **The District Court Properly denied Appellant's Motion to Vacate the Judgment and Leave to File a Second Amended Complaint as moot.**

4. **Appellant's claim of judicial bias has no merit and was not preserved for appellate review.**

## IV.  STATEMENT OF THE CASE

### A.    Procedural History

Appellant filed his original complaint on April 13, 2022. (RE 1, PgID 1-27). The Complaint named the following Appellees/Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, City of Ironton ("the Ironton Appellees"), as well as Major Chapman, Jane Doe, Lawrence County, Ohio ("the Lawrence County Appellees"). The Ironton Appellees filed their Answer on May 11, 2022. (RE 12, PgID 79-87.)  The Lawrence County Appellees filed a Motion to Dismiss on May 11, 2022, and the Ironton Appellees filed a Motion for Judgment on the Pleadings on June 21, 2022 (RE 13, PgID 88-100). Appellant never filed a response to either of these motions, and as such, the District Court issued two separate Orders to Show Cause, one on June 29, 2022 (regarding the Lawrence County Appellees' Motion to Dismiss, RE 16, PgID 123-124) and the other on July 21, 2022 (regarding the Ironton Appellees' Motion for Judgment on the Pleadings, RE 17, PgID 125-126).

Appellant filed a Response to the court's Order to Show Cause on August 11, 2022. (RE 18, PgID 127-130). However, before the Ironton Appellees had an opportunity to respond, on August 15, 2022, the District Court entered an Order indicating that it construed Appellant's response as being responsive to both Orders to Show Cause. (RE 19, PgID 131). The Order further indicated that Appellant

would be granted a thirty-day extension of time to respond to Appellees' pending dispositive motions, or in the alternative, to file his first amended complaint. (Id.) Appellant filed his First Amended Complaint on September 15, 2022. (RE 20, PgID 132-143). However, the Amended Complaint was apparently manually filed and its exhibits, which included a USB drive, were not served upon the Ironton Appellees.

Like Appellant's original Complaint, Appellant's Amended Complaint named the Ironton Appellees as parties to the suit. The facts alleged in Plaintiff's Amended Complaint are nearly identical to the original Complaint. Those facts are set forth below.

Appellant's Amended Complaint set forth four causes of actions against the Ironton Appellees and alleged violations of his First, Fourth and Fourteenth Amendment rights. (Id.) The Ironton Appellees again filed a Motion for Judgment on the Pleadings as to the Amended Complaint on September 29, 2022 (RE 23, PgID 164-178). On August 3, 2023, the District Court issued its Opinion and Order granting the Ironton Appellees' Motion for Judgment on the Pleadings and dismissed Appellant's Complaint. (RE 47, PgID 557-564). On August 16, 2023, Appellant filed a Motion to Reconsider the court's August 3 Opinion and Order (RE 49, PgID 566-575). Two days later, Appellant filed a Motion to Correct the Judgment (RE 50, PgID 576-578) and a Second Motion to Reconsider (RE 51, PgID 579-589). The

Ironton Appellees filed their Memo in Opposition to Appellant's Motions to Reconsider on September 6, 2023 (RE 54, PgID 600-611).

On September 8, 2023, over a month after the court issued its Decision and Order granting the September 29, 2022 Ironton Appellees' Motion for Judgment on the Pleadings, Appellant filed a Motion to Vacate Judgment and Leave to File Second Amended Complaint (RE 55, PgID 612-618) and Proposed Second Amended Complaint (RE 55-1, PgID 619-666). Appellant filed his Reply to the Ironton Appellees Memo in Opposition on September 18, 2023 (RE 57, PgID 676-677).

The District Court issued an Order on September 26, 2023, denying Appellant's Motions to Reconsider and denying Appellant's Motion for Leave to File a Second Amended Complaint and granted his Motion to Correct the Judgment (RE 58, PgID 678-683). On October 2, 2023, Appellant filed his Notice of Appeal (RE 60, PgID 685).

### B.    Factual History

Appellant Jose DeCastro ("Appellant"), proceeding pro se, is a self-proclaimed "videographer, vlogger, and civil rights activists [sic] who has been video recording publishing his recordings, edited and unedited, on media forums such as, YouTube, Facebook, Instagram, and the like since approximately 2020." (RE 20, PgID 134). Appellant claims that the financial benefit from his postings

serves as an essential economic support for him. (Id.).

On Tuesday, March 29, 2022, Appellant (who is not a resident of Ironton, Ohio) and fourteen other individuals entered Ironton City Hall (i.e., Ironton City Center) at approximately 4:00 p.m. (Id.). Although in his original complaint, Appellant claimed that he and the other individuals were present at the City Center to engage in a "peaceful protest," in his Amended Complaint, he claimed that he and the others were there "waiting for hours for a permit to use one of the rooms for a constitutional teaching session." (RE 1, PgID 7) (RE 20, PgID 134).

Appellant alleged that at approximately 5:00 p.m., a City of Ironton employee informed him that the Ironton City Center was closing and going to be locked. (RE 20, PgID 134-135). Despite this, Appellant remained in the building. Then, according to the Appellant, he was approached by Ironton Police Chief, Pam Wagner, who ordered Appellant to "cease and desist his disorderly conduct." (Id., PgID 135). After failing to comply and leave the building, Appellant was arrested by Ironton Police Officers Spoljaric, Blankenship, McKnight, and Fouch. (Id.). Then, according to Appellant, he "was taken to the booking area where several criminal charges were brought against him" and he "was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken." (Id.).

Appellant alleged that after posting bond approximately two hours later,

Appellant was released, at which time his personal property was returned to him with the exception of his iPhone 12 Max Pro. (Id.). On April 1, 2022, Judge Kevin Waldo issued an entry in Appellant's criminal case that the "officer or officers had probable cause to take the phone." (RE 23-3, PgID 213).

Appellant also filed a Complaint for Replevin in Ironton Municipal Court Case No. CVH2200076 on March 31, 2022. (RE 23-4, PgID 214-216). In an Entry by Judge Kevin J. Waldo in that case (RE 23-5, PgID 217), the court noted that Appellant's iPhone 12 Max was returned by Ironton Police Department representative, Pam Wagner, and that "no evidence was present as to any damages," consequently, that the case was dismissed with prejudice. (Id.). Although there has never before been any reports of Appellant's iPhone being damaged, and Appellant did not raise any such concerns during the replevin hearing or file an appeal in that case, Appellant claimed in his Amended Complaint that his iPhone was returned "in a damaged state." (RE 20, PgID 136). Specifically, Appellant noted that "[u]pon immediate inspection" of his iPhone when it was returned, he "observed that the sim card and tray were missing and that the area of insert was damaged." (Id.). Despite claiming that he noticed said damages immediately upon its return, however, the Replevin Entry filed by Judge Waldo subsequent to the hearing specifically notes that after the phone was returned to Appellant, "no evidence was presented as to any damages." (RE 23-5, PgID 217). Outside of the baseless assertion that Ironton

Appellees "searched the contents of [Plaintiff's] cell phone" (RE 20, PgID 138), Appellant alleged no facts to support this.

## V.    <u>SUMMARY OF THE ARGUMENT</u>

The District Court properly granted the Ironton Defendants' Motion for Judgment on the Pleadings as to all claims against them. Appellant was lawfully arrested for trespassing after he refused to leave Ironton's City Center after being notified that the Center was closing. The District Court also properly determined that there was probable cause for the arrest in the record based on Appellant's own admission, and therefore properly dismissed Appellant's Fourth Amendment wrongful arrest claim and his First Amendment retaliatory arrest claim. The District Court further found that Appellant's conclusory allegations did not support his claims for unlawful search under the Fourth Amendment nor his *Monell* claim against the City of Ironton. Finally, Appellant's remaining Fourteenth Amendment claim against the Ironton Appellees was dismissed by the District Court as he failed to show state law remedies were inadequate related to his cell phone.

## VI.    <u>ARGUMENT</u>

### A.    **Standard of Review**

Whether the district court properly granted a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is a question of law that this Court reviews *de novo*. See *JPMorgan Chase Bank, N.A. v.*

*Winget*, 510 F.3d 577, 581 (6th Cir.2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Id.* quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir.1973). When no material issue of facts exists, the movant is entitled to judgment as a matter of law. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

**B.    The District Court Properly Granted the Ironton Appellees' Motion for Judgment on the Pleadings as to all claims against them because No Material Issue of Fact Existed.**

The Ironton Appellees were entitled to a judgment on the pleadings as a matter of law because no material issue of fact remained to be resolved and the Ironton Appellees' were entitled to judgment as a matter of law. Therefore, the District Court's decision must be upheld.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Although this pleading standard does not require " 'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964–65 (internal citations omitted). Appellant's claims against the Ironton Appellees lacked any grounds upon which he was entitled to relief. The District Court properly denied Appellant's baseless allegations.

1. Appellant failed to state a claim for relief under the Fourth Amendment.

Appellant failed to state a claim for relief under the Fourth Amendment and, as such, the District Court properly dismissed his claims. The Fourth Amendment guarantees "that government officials may not subject citizens to searches or seizures without proper authorization," and therefore, "[a] person who has been the victim of an unlawful arrest or wrongful seizure under the color of law has a claim based on [this Amendment.]" *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir.2009). However, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588 (2004). "[T]he validity of the arrest does not depend on whether the suspect actually committed the crime. . . ." *Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S.Ct. 2627

(1979). As a result, "in order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).

"Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007) (quoting *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168 (1959)). The probable cause inquiry "'depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest,' where supported by 'reasonably trustworthy information'" *Id.* (citation omitted). An officer who intends to execute a warrantless arrest is not tasked with an overly-burdensome duty to investigate." *Id.* In initially determining probable cause, an officer need not "investigate independently every claim of innocence." *Id.* (citing *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)). "And after the officer determines, on the basis of the facts and circumstances known to him, that probable cause exists, the officer has no further duty to investigate or to search for exculpatory evidence." *Id.*

"Authorization for an arrest typically depends on state law." *Skovgard v. Pedro*, 448 Fed.Appx. 538, 544 (6th Cir. 2011) (citing *Logsdon*, 492 F.3d at 341). Here, Plaintiff was initially arrested for criminal trespass. The criminal trespass statute in Ohio provides as follows:

11

(A)   No person, without privilege to do so, shall do any of the following:

    (1) Knowingly enter or remain on the land or premises of another;

    (2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

    (3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

    (4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either;

    (5) Knowingly enter or remain on a critical infrastructure facility.

O.R.C. § 2911.21(A)(1)-(5). Further, Section 2911.21(B) of the Ohio Revised Code provides that "[i]t is no defense to a charge under this section that the land or premises involved was owned, controlled, or in custody of a public agency." Finally, the Ohio Revised Code defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." *Id.* § 2901.01(A)(12). "'Ohio courts construe the lack-of-privilege requirement as an element of the offense

of criminal trespass, and not an affirmative defense.'" *Skovgard*, 448 Fed.Appx. at 544 (quoting *Logsdon*, 492 F.3d at 342).

Here, the Ironton Appellees had probable cause to arrest Appellant. The Ironton Appellees arrested Appellant after the building was closed for the day. Furthermore, it is undisputed that the Appellant knew that the building was closed at the time of his arrest. In his Complaint, Appellant acknowledges that "[a]t approximately 5 p.m. a City of Ironton employee announced that the building was going to be closed and locked." (RE 20, PgID 134-135). He further acknowledged that Chief Wagner first approached him in the City Center at 5:03 p.m., and that Wagner warned him to leave prior to arresting him. (Id., PgID 135). Thus, by Appellant's own admission, he remained on the property after closing and refused to leave when told to do so. Therefore, the Ironton Appellees had probable cause to place Appellant under arrest.

Also, as the District Court found, Appellant did not demonstrate that he had any privilege to remain at the Ironton City Center after closing. Appellant alleged that the Ironton Appellees "failed to comply with the state of Ohio peaceful protest statutes, policies, and procedures when they encountered plaintiff on 3/29/22. Instead of directing and escorting plaintiff out of the building per the statutes, these defendants chose to make an arrest." (Id., PgID 138). As the lower court noted, Appellant failed to point to any "legal authority standing for the proposition that the

13

[Ironton Appellees] were required to do so" and that Appellant did not show, nor allege, "beyond a single conclusory sentence, that the [Ironton Appellees] lacked probable cause to arrest him." (RE 47, PgID 561).

The District Court properly found that without any privilege to remain on the property and, by Appellant's own admission, he could not successfully assert a Fourth Amendment claim for wrongful arrest "in violation of Ohio's criminal trespassing statute when he chose to remain in the building after it closed without the privilege to do so." (Id.) citing Ohio Rev. Code § 2911.21(A)(1)-(5). Accordingly, judgment on the pleadings was properly granted in favor of the Ironton Appellees.

>    2.   Appellant failed to state a claim for relief under the Fourteenth Amendment.

No material facts existed on the face of Appellant's Complaint as to his Fourteenth Amendment claims and therefore the Ironton Appellees were entitled to a judgment on the pleadings as a matter of law. The Fourteenth Amendment provides, in part, that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause contains both a procedural and a substantive component. To present a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must "show that the defendant acted under the color of state law to deprive the plaintiff of a definite liberty or property interest." *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d

527, 539 (6th Cir. 2002). This Court has made clear that it is a plaintiff's burden to prove that any available state remedies for redressing the wrong are inadequate. *International Metal Trading Inc. v. City of Romulus, Mich.,* 438 Fed.Appx. 460, 2011 WL 4120415 at *3 (6th Cir.2011). In order to survive a motion for judgment on the pleadings, a plaintiff must "first 'plead…that state remedies for redressing the wrong are inadequate.'" *Dell v. Smith*, 2:23-cv-3167, 2023 WL 8747358 at *4 (S.D. Ohio Dec. 19, 2023) quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983). When a plaintiff fails to plead that state remedies are inadequate, he has failed to state a due process claim that is actionable in a § 1983 proceeding. *Buchanan v. Reeve,* 1:23-cv-751, 2005 WL 1652188, *9 (S.D. Ohio Apr. 8, 2005).

Appellant's due process claim pertained to his allegation that the Ironton Appellees have withheld his iPhone from him but he failed to allege any facts indicating that his remedies under Ohio law were inadequate to redress this alleged wrong. The Sixth Circuit has specifically held that the state remedy, as replevin proceeding under state law, is an adequate remedy for individuals seeking property that has been seized by police. *International Metal Trading Inc. v. City of Romulus, Mich.*, 438 Fed.Appx. 460, 463 (6th Cir.2011). Again, Appellant did in fact, file a replevin action against Ironton Police Department in Ironton Municipal Court Case No. CVH2200076. Furthermore, the Entry by Judge Kevin J. Waldo in Appellant's replevin action stated in relevant part:

The Court observed the Defendant, Ironton Police Department representative, Pam Wagner, return to the Plaintiff, Jose DeCastro, the IPhone 12 Max, subject of the Replevin action, herein.

Therefore, the Plaintiff has obtained possession of the subject property and no evidence was presented as to any damages, thus, the case herein, is **DISMISSED** with prejudice.

(RE 23-5, PgID 217). Appellant not only filed a Replevin action, but said action proved to be adequate, as he re-gained possession of his iPhone 12 Max.

Accordingly, the District Court properly dismissed Appellant's Fourteenth Amendment claim pursuant to the Ironton Appellees' Motion for Judgment on the Pleadings because Appellant failed to allege any facts indicating that his remedies under Ohio law to redress the wrong complained of were inadequate, in addition to the finding that Appellant's claim that his phone was damaged found "no support in the record." (RE 47, PgID 563).

3. <u>The District Court did not err in granting the Ironton Appellees' 12(c) Motion as to Appellant's claim for relief under the First Amendment.</u>

Appellant's First Amendment retaliation claim failed as a matter of law because the Ironton Appellees had probable cause to arrest him. Appellant alleged that his arrest was "designed to prevent and deter his First Amendment protected activities to record the police and other public officials and to report on their activities in Ironton." (RE 32, PgID 415).

In order to prevail on a First Amendment retaliation claim, a plaintiff must show (1) that he engaged in protected activity; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that protected activity; and (3) the adverse action was motivated by the protected activity. *Sensabaugh v. Halliburton*, 937 F.3d 621, 627-28 (6th Cir.2019).

Probable cause is fatal to a First Amendment retaliatory arrest claim. *Nieves v. Bartlett*, 587 U.S. __, 139 S.Ct. 1715, 1725 (2019); see *Hartman v. Thompson*, 937 F.3d 471, 484 (6th Cir.2019). Having previously found that the Ironton Appellees had probable cause to arrest Appellant for trespassing, the lower court properly dismissed his First Amendment retaliation claim as a matter of law. (RE 47, PgID 564).

> 4. The District Court did not err in dismissing Appellant's claim for relief under *Monell* against the City of Ironton.

Appellant's claim under *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), was a thread-bare assertion and therefore the Ironton Appellees were entitled to dismissal as a matter of law. His *Monell* claim was based on his allegation that the City of Ironton "promulgated the custom practice or policies which enables officers like the defendants to target proponents of First Amendment protected activities, i.e. recording public officials in the City of Ironton and arrest them, unlawfully search, seize and permanently damage recording devices to deter said protected activities."

(RE 20, PgID 140). However, "[t]here can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir.2014)all (citing *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 879 (6th Cir.2000)). Appellant failed to state a constitutional violation under all his theories of liability. As such, without being able to show an underlying constitutional violation, Appellant's *Monell* claim was also without merit. Because Appellant failed to adequately state a *Monell* claim against the City of Ironton and the District Court dismissed his claim accordingly. (RE 47, PgID 564).

Assuming, arguendo, that Appellant had sufficiently pled a claim for relief under § 1983 – Appellant's Monell claim against the City of Ironton fails for a second reason: he failed to allege a constitutional violation was a result of a governmental policy, custom or practice. See *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir.2016) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). "This means that the plaintiff must show "'a direct causal link' between the policy and the alleged constitutional violation such that the [municipal policy] can be deemed the 'moving force' behind the violation.'" *Id.* at 402 (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir.2004)). A plaintiff can establish an illegal policy or custom by showing one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence

of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess*, 735 F.3d at 478.

Appellant's *Monell* claim *appeared* to fall under either the first or fourth category of *Monell* claims identified above. To prevail under the first category—the policy or legislative enactment category—"a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 829 (6th Cir.2019) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993)). Additionally, "the plaintiff must show that there were 'formal rules or understandings—often but not always committed to writing—that [were] intended to, and [did], establish fixed plans of action to be followed under similar circumstances consistently and over time.'" *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)).

Appellant failed to state a viable *Monell* claim under the first category. Although Appellant claimed that the Ironton Appellees had a policy of "targeting proponents of First Amendment protected activities," Appellant did not point to any formal rules or understandings, establishing any fixed plans of action to be followed in the future under similar circumstances.

To prevail under the fourth category—i.e., the existence of a custom of tolerance or acquiescence of federal rights violations—a plaintiff must satisfy the

following four-prong test: "(1) a 'clear and persistent pattern' of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." *Griham v. City of Memphis Tennessee*, 2022 WL 989175, *6 (W.D. Tenn.) (quoting *Nouri v. County of Oakland*, 615 Fed.Appx. 291, 296 (6th Cir.2015)). Inevitably, to succeed under this theory, a plaintiff's complaint must contain "allegations of . . . similar incidents." *Nouri,* 615 Fed.Appx. at 296. In other words, when a plaintiff "has only his own experience on which to rely, . . . that is not enough to state a claim." *Id.* Appellant failed to state a viable *Monell* claim under the fourth category because he attempted to establish a custom based solely on his alleged own experience. This Court, in *Nouri,* explicitly held that such an approach "is not enough to state a claim." *Id.*

Appellant's *Monell* claim was properly dismissed by the District Court for his failure to establish the prerequisite for municipality liability—an underlying constitutional violation.  Additionally, Appellant failed to state a claim for relief under any *Monell* theory and therefore this Court should affirm the District Court's Order and Opinion.

**C.    The District Court properly denied Appellant's Motions to Reconsider because Appellant failed to show the District Court made an error of law.**

The District Court properly denied Appellant's Motions to Reconsider because Appellant failed to show any error by the court – legal or factual. Appellant provided no basis for newly available evidence, a change in controlling law, or that reconsideration was necessary to correct manifest injustice. Rather, Appellant simply attempted to regurgitate arguments and therefore, the District Court properly denied Appellants motions.

This Court reviews a district court's denial of a motion to reconsideration for abuse of discretion. *In re Greektown Holdings, LLC,* 728 F.3d 567, 573 (6th Cir.2013), citing *Indah v. U.S. Secs. And Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir.2011). Though the Federal Rules of Civil Procedure do not expressly provide for "Motions for Reconsideration," *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir.2004), Federal Rule of Civil Procedure 59(e) permits parties to move the court to alter or amend a judgment within 28 days after the entry of the judgment. F.R.C.P 59(e).

Motions for reconsideration serve a limited function. "The standard for deciding a Rule 59(e) motion is well established: Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling constitutional law, or to prevent manifest injustice." *Dawson-Durgan v. Shoop*, No. 1:19-cv-382, 2023 WL 3984600, at *1 (S.D. Ohio 2023) (internal citations omitted); *Pegg v. Davis,* No. 2:09-908, 2009

21

WL 5194436, at *1 (S.D. Ohio 2009). "A clear error of law is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Lifestyle Communities, Ltd. V. City of Worthington, Ohio*, No. 2:22-cv-1775, 2023 WL 5162656, at *1 (S.D. Ohio 2023) citing *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

To be clear, motions for reconsideration "are not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Pegg, supra* at *1. (citing *J.P. v. Toft*, No. C2-04-692, 2006 WL 689091, at *13 (S.D. Ohio 2006). "A Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *J.P. v. Toft*, at *3 (citing *Brown v. City of Syracuse*, 2005 WL 2033492, at *1-2 (N.D.N.Y. Aug. 17, 2005). A motion for reconsideration does not provide a plaintiff with "an opportunity to try out new legal theories or submit new evidence previously available to it." *Long Point Energy, LLC v. Gulfport Energy Corp.,* No. 2:20-cv-46442023 WL 5318030, at *1 (S.D. Ohio 2023). "A court will not find a clear error of law when the moving party claims that the court misinterpreted or omitted key facts." *Nayyar v. Mt. Carmel Health Systems*, Nos. 2:10-CV-00135; 2:12-CV-00189, 2014 WL 619394, at *3 (S.D. Ohio 2014).

Appellant asked the District Court to reconsider arguments already raised, pled and decided as well as requesting that the court give initial consideration of

issues he failed to raise prior to judgment. See *Norfolk Southern Railway Co., v. Baker Hughes Oilfield Operations, LLC*, No. 2:19-cv-3486, 2022 WL 1793145, at *1 (S.D. Ohio Jun. 2, 2022). The District Court properly denied Appellant's motions for reconsideration because Appellant was not entitled to yet another opportunity to try out new legal theories.

**D.    The District Court properly denied Appellant's Motion to Vacate the Judgment and Leave to File a Second Amended Complaint as moot.**

The District Court's denial of Appellant's Motion to Vacate the Judgment and Leave to File a Second Amended Complaint was not an abuse of discretion because it was moot. Aside from denials based on the legal conclusion that an amended complaint could not withstand a motion to dismiss, this Court reviews a district court's denial of leave to amend for abuse of discretion. *Inge v. Rock Financial Corp.,* 388 F.3d 930, 937 (6th Cir.2004).

As outlined above, after Appellant filed his Complaint (RE 1), the Ironton Appellees filed their first Motion for Judgment on the Pleadings (RE 13, PgID 88; RE 15, PgID 106). Appellant failed to respond. The District Court issued Show Cause Orders (RE 16, PgID 123; RE 17, PgID 125) and ultimately exercised its discretion to allow Appellant to either respond to the Ironton Appellees' Motion or to file an Amended Complaint (RE 19, PgID 131). Appellant elected to file an Amended Complaint (RE 20, PgID 132) with the benefit of being put on notice as to his pleading deficiencies. The Ironton Appellees filed their second Motion for

23

Judgment on the Pleadings on September 29, 2022, and the District Court issued its Order and Opinion nearly one year later. Appellant was put on notice as to the deficiencies with his Amended Complaint and failed to move the District Court for leave to amend at any time until after it had already dismissed the case. Instead, Appellant moved for leave to amend his complaint only after a final decision on the merits was made by the District Court.

A district court does not abuse its discretion when it denies a party leave to amend where such leave was never sought. *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 551 (6th Cir.2008) citing *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1042 (6th Cir.1991). The District Court's Order and Opinion granted the Appellees' dispositive motions and dismissed Appellant's Amended Complaint. Through his motions for reconsideration, Appellant failed to show that the District Court made an error such that it should change its mind. By ignoring the pleading deficiencies in his case, of which he had ample notice, the District Court did not abuse its discretion in denying Appellant's Motion to Vacate the Judgment.

### E. Appellant's Claim that the District Court Judge Was Biased Must Fail

Finally, Appellant argues that the district court judge was biased and therefore, its rulings must be reversed, and the case remanded to a different district court judge. First, Appellant has waived this issue on appeal by failing to raise it before the district court in a motion to recuse or otherwise. *Taylor Acquisitions,*

*L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) citing *Hurst v. Warren,* 62 Fed.Appx. 603, 605 (6th Cir.2003).  Moreover, the *Taylor Acquisitions* court noted that:

> Even were we to reach the merits of Plaintiff's claim, it would still fail. We "will not ascribe bias to a district judge in the absence of evidence that he has abandoned his role as an impartial arbiter." *Lilley v. BTM Corp.,* 958 F.2d 746, 753 (6th Cir.1992). To warrant recusal of a district judge, a party must allege "facts which a reasonable person would believe would indicate a judge has a personal bias" against the party. *Ullmo ex rel. Ullmo v. Gilmour Acad.,* 273 F.3d 671, 681 (6th Cir.2001). Judicial bias must be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.*; *see also United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

Here, Appellant argues, with absolutely no support that the district judge was biased because Appellant has apparently criticized the district court judge on YouTube. Appellant further claims, again with no support, that the District Court Judge knows Judge Waldo, the state court judge that ruled on Appellant's replevin case.  *Id.* Notably absent are any facts supporting his claim of personal bias on the part of the judge.  A party cannot establish bias simply because it is unhappy with a district judge's rulings. *Id.* citing *Ullmo,* 273 F.3d at 681. Accordingly, this Court must reject Appellant's claim of judicial bias.

## VII.  <u>CONCLUSION</u>

Based upon all the foregoing, Appellees request that this Court affirm the District Court's Order granting the Ironton Appellees' Motion for Judgment on the Pleadings and Dismissal of Appellant's Amended Complaint.

Respectfully submitted,

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
*Attorneys for Defendants/Appellees Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch and the City of Ironton*

## VIII.  **CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and
Type-Style Requirements.

1.     This document complies with the type-volume limit of Fed. R. App. P.
32(a)(7)(B) because, excluding the parts of the document exempted by Fed.
R. App. P. 32(f), this document contains 7711 words.

2.     This document complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because
this document has been prepared in a proportionally spaced typeface using
Times New Roman in 14-point font.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
Phone: (937) 222-2333
Fax: (937) 222-1970
dfrick@sdtlawyers.com

Dated: February 5, 2024

## IX.    **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2024, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system which will send notification
of such filing to all counsel of record.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)

## X.   ADDENDUM

### Appellees' Designation of Relevant Court Documents:

The Ironton Appellees, pursuant to 6 Cir. R. 30(g), hereby designate the following relevant court documents:

| Description of Entry | Date Filed | Record Entry No. | Page ID# |
|---|---|---|---|
| Complaint | April 13, 2022 | 1 | 1-27 |
| Ironton Appellees' Answer to the Complaint | May 11, 2022 | 12 | 79-87 |
| Ironton Appellees' Motion for Judgment on the Pleadings | June 21, 2022 | 13 | 88-100 |
| Order to Show Cause | June 29, 2022 | 16 | 123-124 |
| Order to Show Cause | July 21, 2022 | 17 | 125-126 |
| Appellant's Response to Order to Show Cause | August 11, 2022 | 18 | 127-130 |
| Order Rescinding Order to Show Cause and Granting 30-day Extension | August 15, 2022 | 19 | 131 |
| The First Amended Complaint | September 15, 2022 | 20 | 132-143 |
| Ironton Appellees' Motion for Judgment on the Pleadings | September 29, 2022 | 23 | 164-178 |

| | | | |
|---|---|---|---|
| Opinion and Order Granting Ironton Appellees' Motion for Judgment on the Pleadings | August 3, 2023 | 47 | 557-564 |
| Appellant's Motion to Reconsider | August 16, 2023 | 49 | 566-575 |
| Appellant's Motion to Correct the Judgment | August 18. 2023 | 50 | 576-578 |
| Appellant's Second Motion to Reconsider | August 18, 2023 | 51 | 579-589 |
| Ironton Appellees' Memo in Opposition to Appellant's Motions to Reconsider | September 6, 2023 | 54 | 600-611 |
| Appellant's Motion to Vacate the Judgment and Leave to File Second Amended Complaint | September 8, 2023 | 55 | 612-618 |
| Appellant's Proposed Second Amended Complaint | September 8, 2023 | 55-1 | 619-666 |
| Appellant's Reply to the Ironton Appellees' Memo in Opp | September 18, 2023 | 57 | 676-677 |
| Order Denying Appellant's Motions to Reconsider | September 26, 2023 | 58 | 678-683 |

| | | | |
|---|---|---|---|
| Notice of Appeal | October 2, 2023 | 60 | 685 |